An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

ADRIAN FLORES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60807

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of conspiracy to commit robbery and battery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Adrian Flores contends that the proceedings to certify him as an adult were improper because they did not comply with the statutory requirements of NRS 62B.390 or the Juvenile Justice and Delinquency Prevention Act (JJDPA). See 42 U.S.C. §§ 5601-5792a. Flores also asserts that his waiver of the certification hearing was invalid because (1) waivers are contractually based and, as a minor, he was legally unable to enter into a contract; and (2) public policy requires that certification take place only after the State files a motion for certification and the juvenile court conducts a full investigation.[1] We conclude that Flores may not challenge the validity of his certification because he agreed

---

[1]The State asserts that this claim is belied by the record because Flores did not waive his right to a certification hearing but rather only agreed not to oppose certification. The record, however, does not clearly support this assertion.

13-10388

to "waive any/all appellate rights regarding certification to adult status" in his guilty plea agreement.[2]

Flores also contends that his sentence violates the JJDPA's requirements that juvenile offenders generally be incarcerated separately from adult offenders, 42 U.S.C. § 5633(a)(13), and subject to "graduated sanctions" that include rehabilitative programs, 42 U.S.C. § 5603(24). We conclude this contention lacks merit because the cited provisions of the JJDPA do not apply to juveniles who have been certified to stand trial as adults. 28 C.F.R. § 31.303(d)(1)(v) (states are not prohibited from detaining or confining juveniles who have been waived or transferred to the adult system in adult facilities); 61 Fed. Reg. 65132-01 response to cmt. 3(a) (Dept. of Justice, Dec. 10, 1996) ("The JJDP Act separation requirement expressly applies to juveniles who are alleged to be or found to be delinquent."); 42 U.S.C. § 5603(24) (defining term "graduated sanctions" as used in the JJDPA to apply to "juveniles within the juvenile justice system"); see also 18 U.S.C. § 5032 (1996) (allowing juveniles to be prosecuted as adults in federal courts); In the Matter of Seven Minors, 99 Nev. 427, 433, 664 P.2d 947, 951 (1983) ("Once in a given case transfer is decided upon . . . the youth is no longer presumed to be a child in the eyes of the law and no longer entitled to the grace provided by the Juvenile Court Act in that particular case."), disapproved of on other grounds by

---

[2]To the extent Flores asserts that the district court lacked jurisdiction over his case due to the allegedly improper certification, we decline to address this contention because it is not supported by cogent argument or citation to authority. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

<u>Matter of William S.</u>, 122 Nev. 432, 442 n.23, 132 P.3d 1015, 1021 n.23 (2006). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Elissa F. Cadish, District Judge
      Matthew D. Carling
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A