*1022 OPINION

Per Curiam:

FACTS

The family division of the district court issued a temporary protective order (“TPO”) against real party in interest Misty Riccio. A complaint was subsequently lodged against Riccio in the Las Vegas Municipal Court, alleging that Riccio had violated the terms of the TPO. Riccio moved the municipal court to dismiss the complaint. Riccio contended that the legislature granted exclusive power to issue and enforce TPOs to the district court and the justice’s court.
Petitioner, City of Las Vegas, opposed the motion. The City contended that the municipal court, in addition to the district court and the justice’s court, has jurisdiction to enforce TPOs. The municipal court disagreed and granted Riccio’s motion to dismiss.
The City appealed the municipal court’s decision to the district court. The City simultaneously petitioned the district court for a writ of mandamus. The district court subsequently consolidated the two actions.
The district court denied the City’s petition for a writ of mandamus and dismissed the City’s appeal.[1] The district court *1023 ruled that the legislature granted concurrent but exclusive jurisdiction to enforce TPOs to the district court and the justice’s court. The City then petitioned this court for a writ of mandamus.

DISCUSSION

The City contends that NRS 5.050 provides the municipal court jurisdiction to enforce TPOs. That statute provides in relevant part: “The municipal courts have jurisdiction of all misdemeanors committed in violation of the ordinances of their respective cities.” NRS 5.050(2). The Las Vegas Municipal Code provides that any act “which is made a misdemeanor by the laws of the State is hereby declared to be and shall constitute a misdemeanor.” LVMC § 10.02.010. The legislature has established that a violation of a TPO is a misdemeanor. NRS 33.100. The city contends that because the violation of a TPO is a misdemeanor under Las Vegas city ordinances, the municipal court has jurisdiction to enforce TPOs.
Riccio challenges this reasoning by contending that NRS 3.223(2) grants concurrent but exclusive jurisdiction over TPOs to the district court and the justice’s court. NRS 3.223(2) provides: “The family [division of the district] court, where established, and the justices’ court have concurrent jurisdiction over actions for the issuance of a temporary or extended order for protection against domestic violence.” According to Riccio, this specific authorization to issue TPOs indicates the legislature’s intent to grant the district court and the justice’s court exclusive jurisdiction over TPOs.
NRS 5.050 plainly grants the municipal court jurisdiction to entertain criminal actions charging a misdemeanor violation of the terms of a TPO. The legislature has not limited the municipal court’s jurisdiction over misdemeanor violations of city ordinances, including violations of the terms of TPOs. The municipal court thus has jurisdiction to entertain a criminal action charging the misdemeanor violation of a TPO. See McKay v. City of Las Vegas, 106 Nev. 203, 205, 789 P.2d 584, 585 (1990) (the legislature defines the jurisdiction of the municipal court).
Riccio also protests that the statute establishing the penalties for violations of TPOs demonstrates that the legislature intended to vest exclusive jurisdiction over TPOs in the district court and *1024 the justice’s court. As Riccio notes, NRS 33.100(l)(b) provides that a person who violates a TPO with use of physical violence shall be sentenced “to imprisonment in the county jail for not fewer than 5 days nor more than 6 months . . . .” (Emphasis added). Riccio contends that because only the district court and the justice’s court may sentence a person to incarceration in the county jail, NRS 33.100(l)(c) indicates the legislature’s intent to vest exclusive jurisdiction over TPOs in the district court and the justice’s court.
NRS 33.100 does not purport to confer jurisdiction on the courts of this state. We therefore find the language of that statute unpersuasive in determining the jurisdiction of the municipal court. The legislature appears instead to have overlooked the jurisdiction of the municipal court when it designated “the county jail” in NRS 33.100.
This court will harmonize statutory provisions “provided that doing so does not violate the ascertained spirit and intent of the legislature.” City Council of Reno v. Reno Newspapers, 105 Nev. 886, 892, 784 P.2d 974, 978 (1989). Because the legislature has granted the municipal court jurisdiction over misdemeanor criminal violations of city ordinances, we construe NRS 33.100 as allowing courts to sentence violent offenders of TPOs to any jail in the county where the violation occurred. This construction preserves the clearly expressed intent of the legislature to vest the municipal court with jurisdiction to entertain criminal actions charging misdemeanor violation of city ordinances such as the violation of TPOs.
A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus is appropriate to remedy the municipal court’s refusal to entertain an action under its statutorily defined jurisdiction. NRS 34.160. Accordingly, we grant the City’s petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus directing the municipal court to entertain the City’s complaint charging Riccio with violating the terms of the TPO.

 The district court properly denied the City’s petition for extraordinary relief because the City had an adequate remedy available in the ordinary course of the law by way of a direct appeal to the district court. See NRS 34.160. In addition, because the City has no remedy available in the ordinary *1023 course of the law from the decision of the district court sitting in its appellate capacity, the City has properly brought this original petition for extraordinary relief in this court. Id.