In the Matter of WILLIAM S., a Minor.

WILLIAM S., Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 44893

April 27, 2006

132 P.3d 1015

*Philip J. Kohn*, Public Defender, and *Victor J. Austin* and *Michael R. Yohay*, Deputy Public Defenders, Clark County, for Appellant.

*George Chanos*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before DOUGLAS, BECKER and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

Nevada's juvenile certification statute allows the juvenile court to certify juvenile offenders to adult court for criminal proceedings. The statute generally gives the juvenile court broad discretion in its certification decisions, except when the offenses involve firearms and forcible sexual assaults. For those serious offenses, the statute

sets forth a presumption for certification that may be rebutted if the minor demonstrates that emotional or behavioral problems or substance abuse substantially contributed to the minor's actions and that those problems can be treated in the juvenile court.

In this appeal, we consider whether, after a minor has rebutted the presumptive certification provision, the court retains the power to certify the juvenile under the statute's discretionary prong. We conclude that the juvenile court retains its statutory discretionary power in such instances, and we clarify the factors for the court to consider in exercising that discretion. In this case, as the court misapprehended the factors for discretionary certification, we reverse the certification order and remand for the court to reconsider discretionary certification in light of our clarification.

## FACTS

The State of Nevada filed a petition to certify appellant, fifteen-year-old William S., for criminal proceedings as an adult on eighteen charges arising from a vehicular police pursuit. William took his father's car for a drive one night when his parents were out of town. A police officer observed William at about 3:00 a.m., driving the car without the headlights on, and attempted to stop the car by using red lights and a siren. Rather than stopping, William sped off and ultimately led the police on a high-speed chase involving multiple police officers and vehicles. During the chase, William ran several red traffic lights and stop signs. And he fired a gun out of the driver's side window multiple times. Eventually, the police officers punctured two of the car's tires and apprehended William after chasing him on foot. The police recovered the firearm, which William had thrown from the car. They also found a black ski mask and a large crowbar in the car and extra bullets in William's pocket.

The State requested that William be certified as an adult on four counts of assault on a police officer with a deadly weapon; two counts of discharging a firearm at or into an occupied vehicle or structure; and one count each of discharging a firearm from a motor vehicle, evading a police officer with a deadly weapon, aiming a firearm at a human being, discharging a firearm that endangers a person, possession of burglary/larceny tools, discharging a firearm in a public place, drawing/exhibiting a deadly weapon in a threatening manner, possession of a firearm, possession of an unregistered firearm, reckless driving, driving without a license, and obstructing an officer.

As part of their respective cases for and against certification, the State and William provided the juvenile court with information concerning William's prior record and personal attributes. William had no delinquency record, as he had neither admitted to nor been adjudicated of any earlier offenses. William did have some notable

mental health issues, including a family history of schizophrenia and indications that he had experienced depression and paranoia and might be in the early stages of possible psychological deterioration. Although the psychological evaluations differed in their conclusions and diagnoses, some evidence indicated that William exhibited prodromal signs of schizophrenia.

The State recommended certification based on the nature and seriousness of the charged offenses. William argued against certification because no one was hurt during the incident, he had no prior delinquency record, and he has some mental and emotional problems that contributed to his conduct and could be addressed in the juvenile court. After considering the parties' arguments and evidence at a certification hearing, the juvenile court found that William had rebutted presumptive certification with clear and convincing evidence of emotional problems that could be treated in the juvenile court system.

The juvenile court nevertheless certified William under the certification statute's discretionary prong. At the hearing, the court expressed confusion over the interplay between presumptive and discretionary certification. The court stated that while the minor's amenability to treatment is a factor in rebutting presumptive certification under the statute, amenability to treatment could not be considered, in the court's view, under a discretionary certification analysis. Ultimately, the juvenile court based certification upon William's age and the seriousness of the offense, noting that William's actions demonstrate that he is a clear danger to the community. The order expressly stated that, in the juvenile court's view, it could not consider William's personal attributes. This appeal followed.

## DISCUSSION

The juvenile certification statute, NRS 62B.390, provides two standards for certifying a minor, who is at least fourteen years old at the time of the alleged offense, for criminal proceedings as an adult. The first standard, found in NRS 62B.390(1), is discretionary certification, under which the juvenile court *may* certify a minor who is charged with any felony offense:

> 1.   Except as otherwise provided in subsection 2 . . . , upon a motion by the district attorney and after a full investigation, the juvenile court may certify a child for proper criminal proceedings as an adult to any court that would have jurisdiction to try the offense if committed by an adult, if the child:
>
> (a) Is charged with an offense that would have been a felony if committed by an adult; and
>
> (b) Was 14 years of age or older at the time the child allegedly committed the offense.

Under this discretionary certification standard, we have articulated a decisional matrix of three factors for the juvenile court to consider: (1) the nature and seriousness of the offense; (2) the seriousness and persistency of past admitted or adjudicated criminal offenses; and (3) personal considerations such as age, maturity, character, personality, and family relationships.[1]

The second standard, found in NRS 62B.390(2), is presumptive certification for a minor charged with a sexual assault involving the use or threatened use of force or violence or with an offense or attempted offense involving the use or threatened use of a firearm. In these types of cases, the juvenile court *shall* certify the minor to stand trial as an adult:

> 2.　Except as otherwise provided in subsection 3, upon a motion by the district attorney and after a full investigation, the juvenile court shall certify a child for proper criminal proceedings as an adult to any court that would have jurisdiction to try the offense if committed by an adult, if the child:
> (a) Is charged with:
> > (1) A sexual assault involving the use or threatened use of force or violence against the victim; or
> > (2) An offense or attempted offense involving the use or threatened use of a firearm; and
> (b) Was 14 years of age or older at the time the child allegedly committed the offense.

The burden then shifts to the minor to rebut the presumption under NRS 62B.390(3), which provides that the juvenile court shall not certify a minor under subsection 2 if the minor demonstrates that he or she has certain problems that substantially contributed to the conduct and can be addressed in the juvenile court system:

> 3.　The juvenile court shall not certify a child for criminal proceedings as an adult pursuant to subsection 2 if the juvenile court specifically finds by clear and convincing evidence that:
> (a) The child is developmentally or mentally incompetent to understand his situation and the proceedings of the court or to aid his attorney in those proceedings; or
> (b) The actions of the child were substantially the result of the substance abuse or emotional or behavioral problems of the child[2] and the substance abuse or emotional or behavioral

---

[1]*In the Matter of Seven Minors*, 99 Nev. 427, 434-35, 664 P.2d 947, 952 (1983).

[2]We have interpreted this language to mean that the minor's substance abuse or emotional or behavioral problems substantially contributed to the minor's conduct. *Anthony Lee R., A Minor v. State*, 113 Nev. 1406, 1416-17, 952 P.2d 1, 7-8 (1997).

problems may be appropriately treated through the jurisdiction of the juvenile court.

*Application of certification statute*

William contends that the juvenile court misapplied the certification statute when it used the discretionary standard under NRS 62B.390(1) to certify him after determining that he had rebutted presumptive certification under NRS 62B.390(2).[3] According to William, allowing discretionary certification after presumptive certification is rebutted would render the exceptions essentially meaningless, as crimes involving forceful sexual assault or the use of firearms would almost always result in discretionary certification. William points to our acknowledgment in *Anthony Lee R., A Minor v. State*, that "it was clearly not the intention of the legislature that certification should automatically result in *all* deadly weapons cases; otherwise, no exceptions would exist, and all such cases would be subject to mandatory certification."[4]

We disagree with William's contention. While we conclude that the certification statute is subject to more than one reasonable interpretation and is therefore ambiguous, it was not the Legislature's intent to limit the juvenile court's discretion in making certification decisions by precluding the court from applying the discretionary certification prong after a minor rebuts presumptive certification.

The construction of a statute is a question of law that we review de novo.[5] Generally, the plain meaning of the words in a statute should be respected unless doing so violates the spirit of the act.[6] If more than one reasonable meaning can be understood from the statute's language, it is ambiguous, and the plain meaning rule does not apply.[7] We must then ascertain the Legislature's intent by re-

---

[3]William also contends that he was denied due process when the district court allowed the State to argue for both presumptive and discretionary certification at the hearing, where the State had sought only presumptive certification in its written certification petition. *See Anthony Lee*, 113 Nev. at 1410 n.1, 952 P.2d at 4 n.1 (stating that due process requires that notice be given such that the minor has a reasonable time to prepare an opposition). We reject this argument. William had notice of the State's alternative argument for discretionary certification in the State's reply to William's opposition to the certification petition. Nevertheless, we encourage the State to present any alternative arguments in the initial written certification petition.

[4]*Id.* at 1414-15, 952 P.2d at 6.

[5]*Id.* at 1414, 952 P.2d at 6.

[6]*McKay v. Bd. of Supervisors*, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986).

[7]*Banks v. Sunrise Hospital*, 120 Nev. 822, 846, 102 P.3d 52, 68 (2004).

viewing the statute's terms and context, along with reason and public policy.[8]

Here, both parties present reasonable constructions of the certification statute, and the statute is therefore ambiguous. Under William's interpretation, once a minor rebuts presumptive certification with clear and convincing evidence of substance abuse or emotional or behavioral problems pursuant to NRS 62B.390(3), then the statute commands that the juvenile court "shall not certify" the minor for criminal proceedings as an adult. William argues that the "shall not certify" language is clear and leaves no room for subsequent discretionary certification.

On the other hand, under the State's interpretation, the "shall not certify" language only precludes certification under the statute's presumptive certification prong but not under the discretionary certification prong. Specifically, NRS 62B.390(3) provides that if the court finds the minor has rebutted the certification presumption, then the court shall not certify the minor for criminal proceedings as an adult *pursuant to subsection 2* (presumptive certification). But the statute does not expressly preclude certification under subsection 1 (discretionary certification). Under this interpretation, the subsections operate independently of one another.

As the statute is ambiguous, we must ascertain the Legislature's intent. By enacting the presumptive certification prong, the Legislature did not limit the juvenile court's discretion but simply made it harder to avoid certification when firearms and sexual assaults are at issue. The statute does not otherwise impinge upon the juvenile court's discretion to certify when the minor rebuts the certification presumption. William's reading of the statute would restrict the juvenile court's discretionary certification power. Grafting such a limitation onto the statute would impair the broad discretionary power of the juvenile court that we have consistently adhered to[9] and is contrary to the stated purposes behind juvenile certification, *i.e.*, public safety and social control.[10]

Moreover, in *Anthony Lee*, our most recent opinion analyzing the juvenile certification statute in depth, we specifically stated that even if the minor rebuts presumptive certification, the juvenile court may still certify the minor under discretionary certification:

> [T]he juvenile court's finding of "exceptional circumstances" or other mitigating circumstances so that [the] NRS 62.080(2)

---

[8]*Id.*

[9]*See, e.g., Anthony Lee*, 113 Nev. 1406, 952 P.2d 1; *State v. District Court*, 105 Nev. 644, 781 P.2d 776 (1989); *In the Matter of Seven Minors*, 99 Nev. 427, 664 P.2d 947 (1983).

[10]*Seven Minors*, 99 Nev. 427, 664 P.2d 947.

[now NRS 62B.390(2) and (3)] presumption does not apply does not preclude certification in cases in which the background of the juvenile or the nature of the offense makes it "appear clearly and convincingly that the public safety and welfare require transfer."[11]

We noted that presumptive certification is a special avenue to be taken in cases involving certain types of crimes and that the presumption does not alter the juvenile court's discretionary power to certify minors.[12]

After our decision in *Anthony Lee*, the Nevada Legislature altered the juvenile certification statute in 2003 by separating into two subsections the certification presumption and the evidence required to rebut that presumption, whereas those provisions previously had been combined in one subsection.[13] But the Legislature did not expressly prohibit discretionary certification after presumptive certification was rebutted, even though it could have.[14]

---

[11]*Anthony Lee*, 113 Nev. at 1419 n.8, 952 P.2d at 9 n.8 (quoting *Seven Minors*, 99 Nev. at 437, 664 P.2d at 953).

[12]*Id.* at 1423 n.9, 952 P.2d at 12 n.9.

[13]2003 Nev. Stat., ch. 206, § 53, at 1030-31. Before 2003, the former statute, NRS 62.080, stated:

> 1. Except as otherwise provided in subsection 2 . . . , if:
> (a) A child is charged with an offense that would be a felony if committed by an adult; and
> (b) The child was 14 years of age or older at the time he allegedly committed the offense,
> the juvenile court, upon a motion by the district attorney and after a full investigation, may retain jurisdiction or certify the child for proper criminal proceedings to any court that would have jurisdiction to try the offense if committed by an adult.
> 2. If a child:
> (a) Is charged with:
>> (1) A sexual assault involving the use or threatened use of force or violence against the victim; or
>> (2) A offense or attempted offense involving the use or threatened use of a firearm; and
> (b) Was 14 years of age or older at the time he allegedly committed the offense,
> the juvenile court, upon a motion by the district attorney and after a full investigation, shall certify the child for proper criminal proceedings to any court that would have jurisdiction to try the offense if committed by an adult, unless the court specifically finds by clear and convincing evidence that the child's actions were substantially the result of his substance abuse or emotional or behavioral problems and such substance abuse or problems may be appropriately treated through the jurisdiction of the juvenile court.

[14]*See Attorney General v. Board of Regents*, 114 Nev. 388, 396, 956 P.2d 770, 776 (1998) (providing that the Legislature's failure to amend a statute after an agency's reasonable interpretation indicates the interpretation is consistent with the legislative intent).

We are unpersuaded by William's argument that allowing discretionary certification after presumptive certification is rebutted would render the factors supporting rebuttal essentially meaningless because the nature and seriousness of the crimes at issue would almost always result in discretionary certification. Not all crimes falling within the realm of presumptive certification are equally serious and heinous in nature. While many crimes involving forceful sexual assault or the use of firearms are so egregious and heinous that discretionary certification is compelled based on the seriousness of the crime alone, other situations could arise in which the nature of the crime is not so heinous and the juvenile's lack of serious criminal history coupled with personal considerations weigh against certification. Accordingly, we conclude in this case that the juvenile court did not misapply the certification statute.

### Clarification of discretionary certification

Given the juvenile court's justifiable confusion over the interplay between the presumptive and discretionary certification standards, we take this opportunity to clarify the guidelines for discretionary certification.

Again, under NRS 62B.390(3), a minor may rebut presumptive certification with clear and convincing evidence that he or she has emotional or behavioral problems or substance abuse issues that substantially contributed to the conduct and that may be appropriately treated through the juvenile court's jurisdiction. This constitutes a clear statement by the Legislature that emotional or behavior problems or substance abuse issues, which are amenable to treatment in the juvenile court, could be grounds for not certifying a minor. But under the discretionary certification guidelines, we have stated that a minor cannot avoid certification merely by a showing of amenability to treatment in the juvenile court.[15]

Because amenability to treatment is an express factor in rebutting presumptive certification but cannot be used alone to avoid discretionary certification, we clarify that under discretionary certification, the juvenile court may consider substance abuse issues or emotional or behavioral problems that contributed to the minor's conduct, as well as the extent to which those issues or problems are amenable to treatment in the juvenile court. These personal factors, however, are not the most weighty and controlling and may be considered only in close cases.

The substantive guidelines governing discretionary certification under NRS 62B.390(1) are set forth in *In the Matter of Seven Mi-*

---

[15]*Seven Minors*, 99 Nev. at 443, 664 P.2d at 957.

*nors*, and consist of a matrix of three factors for the juvenile court to consider: (1) the nature and seriousness of the charged offense(s); (2) the persistency and seriousness of past adjudicated or admitted criminal offenses; and (3) personal considerations such as age, maturity, character, personality and family relationships.[16] *Seven Minors* explains that the first two factors are given the most weight and that certification may be based on either of those factors standing alone, whereas personal considerations come into play in close cases where neither of the first two factors impels certification.[17]

Our decision in *Seven Minors* constituted a move away from considering the minor's best interest and toward the interests of public safety and welfare, including accountability, punishment, deterrence, and retribution.[18] That is, once transfer is justified on the basis of public interest and safety, the juvenile court need not consider the minor's best interest or amenability to treatment, "except insofar as such considerations bear on the public interest."[19]

But while we indicated in *Seven Minors* that "subjective evaluations and prognostications as to whether a given youth is or is not likely to respond favorably to juvenile court treatment will no longer be the court's primary focus in transfer proceedings,"[20] we did not prohibit personal factors from being taken into account. We acknowledged that a decision *not* to transfer may be proper when individual considerations such as maturity, emotional stability, family support, and positive psychological and social evaluation "require a finding that the public interest and safety are best served by retaining the youth in the juvenile system."[21] Moreover, we pointed out that retention in the juvenile system favors the long-term public interest when the minor has a good chance of becoming a productive and law-abiding citizen under juvenile court cognizance.[22]

As set forth in *Seven Minors*, the emphasis in discretionary certification is still on public safety and welfare, and either the seriousness of the offense or the minor's delinquent past alone may justify certification. But in close cases, when neither of the first two factors clearly compels certification, the juvenile court may consider personal factors, including the minor's amenability to treatment in the juvenile court, and may decline certification based on the totality of all of the factors. Again, the district court retains

[16]*Id.* at 434-35, 664 P.2d at 952.

[17]*Id.* at 435, 664 P.2d at 952.

[18]*Id.* at 433-34, 664 P.2d at 951-52.

[19]*Id.* at 433, 664 P.2d at 951.

[20]*Id.* at 434, 664 P.2d at 952.

[21]*Id.* at 435, 664 P.2d at 952-53.

[22]*Id.* at 433, 664 P.2d at 951.

broad discretion in making discretionary certification decisions in accordance with the guidelines set forth in *Seven Minors*.[23]

In sum, we conclude that the juvenile court properly applied the certification statute by considering discretionary certification after William had rebutted presumptive certification. However, in light of the juvenile court's understandable quandary over applying the discretionary certification standard and its view that William's personal attributes could not be considered, we reverse the certification order and remand this matter to the juvenile court to reconsider certification under our clarification of the discretionary certification standard.

---

[23]We disapprove of *Jeremiah B., a Minor v. State*, 107 Nev. 924, 823 P.2d 883 (1991), *In re Three Minors*, 100 Nev. 414, 684 P.2d 1121 (1984), and *Seven Minors*, 99 Nev. 427, 664 P.2d 947, to the extent that these cases are inconsistent with our holding today and could be read to suggest that a minor's amenability to treatment in the juvenile court should never be considered in the certification decision.