IN THE MATTER OF ERIC A. L., AKA ERIC L., A MINOR.

THE STATE OF NEVADA, APPELLANT, *v.* ERIC A. L., AKA ERIC L., RESPONDENT.

No. 46308

March 8, 2007                               153 P.3d 32

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Philip H. Brown*, Deputy District Attorney, Clark County, for Appellant.

*Philip J. Kohn*, Public Defender, and *Susan Deems Roske*, Deputy Public Defender, Clark County, for Respondent.

Before the Court EN BANC.

## OPINION

By the Court, HARDESTY, J.:

In this case, we consider whether the State's right to appeal from a juvenile court order declining to certify a juvenile for adult treatment on criminal charges violates the juvenile's constitutional right to a speedy trial or conflicts with the juvenile's statutory right to have the matter disposed of within one year of the filing. While we recognize that juveniles have a constitutional right to a speedy trial in juvenile delinquency proceedings, we conclude that the State's right to appeal an order denying certification does not

abridge the juvenile's constitutional right to a speedy trial. Further, the State's appeal does not conflict with the juvenile's statutory right to final juvenile court disposition within one year. Finally, under the facts presented, the juvenile court in this case did not abuse its discretion in denying the State's petition for certification. Accordingly, we affirm the juvenile court's order.

## FACTS AND PROCEDURAL HISTORY

On May 24, 2005, respondent Eric L., a 17-year-old minor, was arrested on a series of drug offenses. Specifically, the State charged Eric with (1) trafficking a controlled substance, (2) transporting a controlled substance, and (3) possession of a controlled substance with intent to sell, with respect to both methamphetamine and marijuana, for a total of six counts.

On May 25, 2005, appellant, the State of Nevada, filed a delinquency petition and a certification petition in the juvenile court. Given the nature of the crime, Eric's level of involvement in the crime, and Eric's age, the State petitioned the court to certify Eric to stand trial in district court as an adult. On September 12, 2005, the juvenile court denied the State's petition. The State now appeals.

## DISCUSSION

Eric argues that the State's appeal from the certification denial violates his constitutional right to a speedy trial and conflicts with the statutory directive that juvenile courts dispose of such matters within one year of the delinquency petition's filing. We disagree. In examining the juvenile court's order, however, we conclude that the juvenile court did not abuse its discretion in denying the State's petition for certification.

### Juvenile speedy trial right

Under NRS 62D.500, the State may appeal from a juvenile court order denying a petition to certify a child for criminal proceedings as an adult. Eric argues that, by allowing the State to appeal from a certification denial, NRS 62D.500 violates his constitutional right to a speedy trial. We disagree.

[Headnote 1]

In *Piland v. Clark County Juvenile Court*,[1] we acknowledged that the United States Supreme Court in *In re Gault*[2] did not expressly recognize that juveniles have a right to a speedy trial

---

[1]85 Nev. 489, 491-92, 457 P.2d 523, 524 (1969).

[2]387 U.S. 1 (1967).

under the Sixth Amendment to the United States Constitution, but did set forth other minimum due process standards that must be met in juvenile proceedings. Accordingly, we concluded that the right to a speedy trial in juvenile proceedings was obvious:

> Admittedly, *Gault* does not expressly set forth, as one of the safeguards of due process mentioned in the opinion, the right to a speedy trial . . . . But we believe the right is axiomatic, because of the mandates announced in *Gault*. To rule otherwise would emasculate the safeguards that were expressly enumerated: adequate notice of hearing, right to counsel, cross-examination of witnesses, and privilege against self-incrimination. If the youthful offender were not entitled to a speedy trial, he conceivably might never be provided a forum in which he could enjoy the basic rights of due process specifically given to him in *Gault*.[3]

We have not, however, previously established a test for determining when a juvenile's right to a speedy trial has been abridged or impaired. We have examined our sister states' jurisprudence for guidance and note that in *In re Benjamin L.*, the New York Court of Appeals adopted the following five-factor test for determining whether a juvenile's speedy trial right has been violated:

> (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.[4]

We conclude that this test appropriately embraces the factors most relevant to determining whether a juvenile has received a speedy trial. Consequently, we adopt this test for determinations of alleged speedy trial violations with respect to juvenile proceedings.

In the present case, applying the five-factor test, we conclude that the State's appeal from the certification denial did not abridge Eric's constitutional right to a speedy trial. The State filed its appeal in October 2005, so the extent of the delay in final disposition has been modest. Furthermore, the reason for the delay is the State's appeal, which is duly authorized by the Nevada Legislature in NRS 62D.500. The nature of the underlying charge—trafficking in methamphetamine—is undoubtedly serious. Finally, the length of pretrial incarceration was minimal, and nothing in the record sug-

---

[3]*Piland*, 85 Nev. at 492, 457 P.2d at 525.

[4]708 N.E.2d 156, 160 (N.Y. 1999).

gests that Eric's defense has been adversely affected by the delay. Under the five-factor test, we conclude that the State's appeal of the denial of certification has not abridged Eric's constitutional right to a speedy trial.

*Statutory tension between the State's right to appeal certification denial and the juvenile's right to disposition within one year*

As noted above, NRS 62D.500 allows the State to appeal an order denying certification. Eric argues that NRS 62D.500 impermissibly conflicts with NRS 62D.310, which prohibits the juvenile court from extending the time for finally disposing of the petition beyond one year of the petition's filing.[5] We disagree.

Statutory interpretation is a question of law subject to de novo review.[6] In interpreting a statute to reflect the Legislature's intent, this court must attribute the plain meaning to an unambiguous statute.[7] However, when statutory provisions appear to conflict, the court should attempt to harmonize those provisions in order to carry out the overriding legislative purpose as indicated·by the entire act.[8]

NRS 62D.310 speaks only to what the juvenile court is required to do and the time frame in which it must operate. The statute does not place any restrictions on the State or the State's right to immediately appeal from a certification order, a right that the Legislature is entitled to grant to the State. When the State chooses to timely appeal from a certification order, the juvenile court is divested of jurisdiction and cannot act on the petition.[9] Thus, it is the appeal that extends the time for final disposition, not any action by the juvenile court. That the juvenile court cannot extend the time to yield a final disposition beyond one year presents

---

[5]NRS 62D.500(2) provides, "[f]or the purposes of this section, a decision to deny certification of a child for criminal proceedings as an adult is a final judgment from which an appeal may be taken."

NRS 62D.310(3) provides, "[t]he juvenile court shall not extend the time for final disposition of a case beyond 1 year from the date on which the petition in the case was filed."

[6]*Birth Mother v. Adoptive Parents*, 118 Nev. 972, 974, 59 P.3d 1233, 1235 (2002).

[7]*Firestone v. State*, 120 Nev. 13, 16, 83 P.3d 279, 281 (2004).

[8]*Seput v. Lacayo*, 122 Nev. 499, 502-03, 134 P.3d 733, 735 (2006); *City of Las Vegas v. Municipal Court*, 110 Nev. 1021, 1024, 879 P.2d 739, 741 (1994); *Lynip v. Buckner*, 22 Nev. 426, 41 P. 762, 764 (1895).

[9]*Rust v. Clark Cty. School District*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987).

no impermissible conflict because the language of NRS 62D.500 does not compel any action by the juvenile court under NRS 62D.310. Therefore, the State's decision to appeal under NRS 62D.500 does not imply a violation of NRS 62D.310 by the juvenile court.

Moreover, in harmonizing any potential conflict between NRS 62D.500 and NRS 62D.310, we conclude that a statutorily authorized appeal by the State tolls the one-year period for final disposition because the NRS 62D.310 time period is necessarily stayed during the pendency of the appeal. Consequently, no impermissible conflict exists between NRS 62D.500 and 62D.310. Accordingly, we conclude that the State's appeal from the certification denial did not abridge Eric's statutory right to final disposition within one year of the filing of the delinquency petition.

### Denial of the State's certification petition

The State argues that in denying its petition to certify Eric as an adult, the juvenile court abused its discretion. Specifically, the State claims that Eric not only was involved in trafficking significant amounts of a dangerous drug, but also that he was a sophisticated seller of the drug and demonstrated that he was a high-ranking member of his group of drug traffickers. The State further argues that certification was also appropriate because Eric was nearly eighteen when he was arrested and enjoying an adult lifestyle at the time of his arrest.

NRS 62B.390 provides for both presumptive and discretionary certification of juveniles for adult treatment in criminal proceedings. Eric's certification hearing was properly conducted under the discretionary standard.[10] NRS 62B.390(1) authorizes discretionary certification when a juvenile "(a) [i]s charged with an offense that would have been a felony if committed by an adult; and (b) [w]as 14 years of age or older at the time the child allegedly committed the offense."

In *In the Matter of Seven Minors*,[11] we established a decisional matrix for certification proceedings under the discretionary stan-

---

[10]Presumptive certification applies when (1) the juvenile was fourteen years or older at the time of the offense, and (2) the charged offense is either a "sexual assault involving the use or threatened use of force or violence" or "[a]n offense or attempted offense involving the use or threatened use of a firearm." NRS 62B.390(2). Eric was not charged with a sexual assault or an offense involving the use of a firearm, hence, discretionary certification was the appropriate standard.

[11]99 Nev. 427, 664 P.2d 947 (1983), *disapproved of on other grounds by Matter of William S.*, 122 Nev. 432, 132 P.3d 1015 (2006).

dard. Under this matrix, the juvenile court considers the following factors: (1) the nature and seriousness of the offense; (2) the seriousness and persistency of past admitted or adjudicated criminal offenses; and (3) personal considerations such as age, maturity, character, personality, and family relationships.[12] The juvenile court must give primary consideration to the first two factors, although the decision to certify may rest on either or both of these factors.[13]

But in close cases, when examination of the first two factors does not compel certification, the juvenile court may consider the third factor.[14] In such cases, a decision by the juvenile court to retain jurisdiction may be proper when "such individual considerations as mental attitude, maturity level, emotional stability, family support and positive psychological and social evaluation require a finding that the public interest and safety are best served by retaining the youth in the juvenile system."[15] Additionally, as we recently recognized in *Matter of William S.*, when the juvenile court has reason to take the third factor into account, it "may consider . . . the minor's amenability to treatment in the juvenile court."[16] Nevertheless, the decision to transfer jurisdiction must never rest on the third factor alone.[17]

"[T]he [juvenile] court retains broad discretion in making discretionary certification decisions in accordance with the guidelines set forth in *Seven Minors*."[18] "An abuse of discretion occurs if the [juvenile] court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."[19]

We determine that, here, the juvenile court did not abuse its discretion in denying the State's certification petition. As to the first factor in the decisional matrix—the nature and seriousness of the charged offenses—trafficking in methamphetamine is a serious offense, which the juvenile court noted. Eric, however, was involved in only two transactions and, during one of the transactions, was accompanied by an older brother, who was very active in trafficking. As to the second factor—the persistency and serious-

---

[12]*Id.* at 434-35, 664 P.2d at 952.

[13]*Id.* at 435, 664 P.2d at 952.

[14]*Id.*

[15]*Id.* at 435, 664 P.2d at 952-53.

[16]122 Nev. 432, 441, 132 P.3d 1015, 1021 (2006).

[17]*Seven Minors*, 99 Nev. at 435, 664 P.2d at 952.

[18]*William S.*, 122 Nev. at 441-42, 132 P.3d at 1021.

[19]*Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

ness of past adjudicated or admitted offenses—Eric had only two prior adjudicated offenses, one of which stemmed from these trafficking charges.[20]

The evidence on the first two factors does not clearly weigh in favor of either granting or denying the State's petition. The juvenile court determined that this was a close case and proceeded to the third factor—the personal, subjective factors, such as age, maturity, character, personality, and family relationships. Eric was seventeen when he was arrested for his participation in significant methamphetamine trafficking, and he lived a relatively adult lifestyle at that age. However, the record also demonstrates that Eric's mother and stepfather abused drugs for several years, that Eric had a history of drug dependence, and that Eric was self-reliant and confident but restless and impulsive. Additionally, while Eric had an uncle who helped him, he also had one brother awaiting trial for murder and attempted murder and another brother facing federal criminal charges. Finally, in examining the third factor, the juvenile court was permitted to consider Eric's amenability to treatment. The record suggests that Eric was amenable to treatment, since he had done well on probation and had become employed, he had renounced his involvement with a gang, and he had expressed an interest in helping troubled youth. The record also contains a psychological evaluation of Eric recommending that the juvenile court retain jurisdiction.

Moreover, the record indicates that the juvenile court performed a careful evaluation in considering the State's certification petition. The juvenile court held two hearings, several weeks apart, to consider the petition. While the court heard most of the evidence at the first hearing, it was unsure how to proceed and decided to continue the proceeding for two months in order to make a sound decision. This time extension suggests that the juvenile court considered the matter carefully and saw Eric's case as a close one, making it proper for the court to have considered the third factor in the decisional matrix. It was only after expending a significant amount of time considering the petition and evidence that the court concluded that the third factor outweighed the other factors and denied certification. Under these facts, we conclude that the juvenile court did not abuse its discretion in denying the State's certification petition.

## CONCLUSION

We conclude that while juveniles do have a constitutional right to a speedy trial in juvenile proceedings, the State's right to appeal

---

[20]The other prior charges were for auto burglary and possession of a stolen vehicle; the latter grew out of the present trafficking charges.

an order denying certification does not abridge that right. We further conclude that the State's right to appeal a denial of certification does not abridge a juvenile's statutory right to final disposition within one year under NRS 62D.310 because that one-year period is tolled while the matter is on appeal. Lastly, we conclude that, in this case, the juvenile court did not abuse its discretion in denying the State's certification petition. The record indicates that the juvenile court properly conducted its analysis under the discretionary arm of NRS 62B.390 as well as the *Seven Minors*' matrix setting forth the factors to consider when determining certification petitions. Accordingly, we affirm the juvenile court's order.

MAUPIN, C. J., GIBBONS, PARRAGUIRRE, DOUGLAS, CHERRY and SAITTA, JJ., concur.