# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: V.B., A MINOR,

V.B.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65637

FILED

JUN 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order certifying a child for criminal proceedings as an adult. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

First, appellant V.B. contends that the juvenile court erred by determining that prosecutive merit supported the count of robbery with the use of a deadly weapon. V.B. argues that because the matter was transferred from the district court back to the juvenile court, it is clear that the State failed to demonstrate prosecutive merit. We disagree.

"To say that there is prosecutive merit is to say that there is probable cause to believe that the subject minor committed the charged crime." *In re Seven Minors*, 99 Nev. 427, 437, 664 P.2d 947, 953 (1983), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006); *see also Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) ("The finding of probable cause may be based on slight, even marginal evidence." (internal quotation marks omitted)). In this matter, a preliminary hearing was held wherein one victim testified that V.B. broke

16-19089

a bottle, stood approximately a foot away, pointed the fragmented part of the bottle at the two victims, and told them to empty out their pockets before four or five different individuals beat the testifying victim and emptied his pockets, taking his wallet and car keys. We conclude the juvenile court did not err by determining that there was prosecutive merit to support the count of robbery with the use of a deadly weapon. *Cf. Sheriff v. Provenza*, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981) (holding that the district court's ruling regarding probable cause will not be overturned absent substantial error).

Second, V.B. contends that the juvenile court erred by certifying him because he demonstrated substance abuse or emotional problems which could have been treated through the juvenile system. *See* NRS 62B.390(3)(b). However, NRS 62B.390(3)(b) provides that a juvenile may rebut the presumptive certification outlined in NRS 62B.390(2),[1] and

---

[1]NRS 62B.390(2) provides

> [T]he juvenile court shall certify a child for proper criminal proceedings as an adult to any court that would have jurisdiction to try the offense if committed by an adult, if the child:
>
> (a) Is charged with:
>
>> (1) A sexual assault involving the use or threatened use of force or violence against the victim; or
>>
>> (2) An offense or attempted offense involving the use or threatened use of a firearm; and
>
> (b) Was 16 years of age or older at the time the child allegedly committed the offense.

such presumptive certification is not at issue here. Therefore, this claim lacks merit.

Third, V.B. contends that the factors outlined in *Seven Minors* were not met and therefore certification was not warranted. *See Seven Minors*, 99 Nev. at 434-35, 664 P.2d at 952 (outlining a three-category decisional matrix that should be considered when determining whether to transfer a juvenile to adult court: "first, nature and seriousness of the charged offense or offenses; second, persistency and seriousness of past adjudicated or admitted criminal offenses; and third, what we will refer to as the subjective factors, namely, such personal factors as age, maturity, character, personality and family relationships and controls"). The juvenile court noted that V.B. was a principal actor in a very serious offense and that V.B. had a history of persistent adjudications. The juvenile court went on to consider subjective factors, such as V.B.'s age, his psychological report, his substance abuse, and his amenability to treatment in the juvenile court. The juvenile court concluded that "[b]ased upon everything before [it], the State ha[d] met its burden by clear and convincing evidence that public safety warrants transfer to the adult system." Therefore, the juvenile court considered all three categories of the decisional matrix outlined in *Seven Minors*.

To the extent V.B. argues that his record in the juvenile system or the instant crime has not shown him to be among the worst offenders and therefore certification was not warranted, the juvenile court has "broad discretion in making discretionary certification decisions in accordance with the guidelines set forth in *Seven Minors*," *In re Eric A.L.*, 123 Nev. 26, 33, 153 P.3d 32, 36 (2007) (internal quotation marks

omitted), and we discern no abuse of discretion by the juvenile court in granting the State's certification petition, *see id.* at 33, 153 P.3d at 36-37.

Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. William O. Voy, District Judge, Family Court Division
       Lizzie R. Hatcher
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A