IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF A. E., DATE OF BIRTH: 03/12/2001, A MINOR 18 YEARS OF AGE. | No. 78789 |
|---|---|

A. E.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING

This is an appeal from a juvenile court order certifying a juvenile to stand trial as an adult. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

The juvenile court certified appellant A.E. to stand trial as an adult for 15 counts[1] related to the sexual abuse of his five-year-old cousin and the creation and dissemination of depictions of the abuse. A.E. raises three issues.

First, A.E. contends the juvenile court erred by finding prosecutive merit for two counts of sexual assault of a child under 14 by digital penetration. We review for an abuse of discretion, *see In re Eric A.L.*, 123 Nev. 26, 33, 153 P.3d 32, 36 (2007) (reviewing district court findings regarding petitions to certify a juvenile as an adult for an abuse of discretion), and disagree. The State introduced various pieces of admissible evidence supporting the two counts. *See In re Three Minors*, 100 Nev. 414,

---

[1]As we address below, the district court's order erroneously lists the charged offenses.

20-14623

418, 684 P.2d 1121, 1124 (1984) (explaining that a juvenile court may find prosecutive merit based upon "informal but reliable evidence," including "the petition, sworn investigative reports, witnesses' affidavits, [and] police affidavits"), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006). For example, the State presented documentary evidence that law enforcement received multiple reports of child pornography being posted to a social media site appearing to depict images and videos of an adult male sexually abusing a juvenile male. The investigation led law enforcement to A.E.'s residence. Law enforcement identified the residence as the scene of a sexual assault depicted in the images and identified the victim as a juvenile male living there. Investigators interviewed A.E., and he admitted to sexually assaulting the victim—twice digitally and once by having him perform fellatio, as corroborated by the images and video. Based on this evidence, we conclude the juvenile court's finding of prosecutive merit was not "arbitrary or capricious," nor did it "exceed[ ] the bounds of law or reason," *In re Eric A.L.*, 123 Nev. at 33, 153 P.3d at 36-37 (defining "abuse of discretion"), as the State presented the slight or marginal evidence required to demonstrate prosecutive merit. *See In re Seven Minors*, 99 Nev. 427, 437, 664 P.2d 947, 953 (1983) (explaining that "prosecutive merit is to say that there is probable cause to believe that the subject minor committed the charged crime"), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006); *Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) ("The finding of probable cause may be based on slight, even marginal evidence." (internal quotation marks omitted)).

Second, A.E. contends that the juvenile court abused its discretion in applying the factors for determining whether his case should

be transferred for adult prosecution. We disagree. The juvenile court found A.E. was the principal actor in heinous and egregious charged offenses and that several of the charged offenses were "predatory and manipulative in nature." *Seven Minors*, 99 Nev. at 434-45, 664 P.2d at 952 (holding that the first factor in determining whether the case should be transferred is the "nature and seriousness of the charged offense or offenses"). The juvenile court also considered A.E.'s lack of prior juvenile adjudications as part of its analysis, noting it weighed in his favor. *See id.* (holding that the second factor requires an analysis of the juvenile's delinquency history). Moreover, although the juvenile court acknowledged that the seriousness of the charged offenses alone could warrant transfer, *see In re Eric A.L.*, 123 Nev. at 33, 153 P.3d at 36 ("The juvenile court must give primary consideration to the first two factors, although the decision to certify may rest on either or both of these factors."), the juvenile court also gave due consideration to A.E.'s individual circumstances, including his risk assessment and psychological evaluations and recommendations and his personal history, which was detailed extensively in his opposition to certification and during oral argument.[2] *See Seven Minors*, 99 Nev. at 434-45, 664 P.2d at 952 (holding that the final factor in determining whether to transfer requires a juvenile court to consider any relevant subjective factors—*e.g.*, "age, maturity, character, personality and family relationships and controls"). After considering all three *Seven Minors* factors, the juvenile court

---

[2]We have considered and find unpersuasive A.E.'s argument that the juvenile court violated his due process rights by not affording sufficient weight or adequately considering the subjective factors. We conclude the record shows the juvenile court's careful consideration satisfied the statutory requirement to conduct a "full investigation" before certifying A.E. as an adult under NRS 62B.390(1).

appropriately found that public safety and welfare warranted certification for proceedings as an adult. *Id.* at 434, 664 P.2d at 952 ("[T]he dispositive question to be addressed by the court is whether the public interest requires that the youth be placed within the jurisdiction of the adult criminal courts."). Therefore, we conclude the juvenile court did not abuse its discretion by certifying A.E. to stand trial as an adult.

Finally, the parties agree that the counts in the certification order do not accurately reflect the charged offenses in the amended delinquency petition. We agree and vacate the erroneous counts. Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter for the juvenile court to enter an amended certification order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A