# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF N.S., A MINOR 15 YEARS OF AGE.

Noah S.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77932

FILED

MAY 07 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appeal from an order certifying a juvenile for criminal proceedings as an adult.[1] Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

The State charged appellant Noah S. with murder and attempted murder, among other charges. Noah's father was shot in the back while sitting in his garage. Noah and his mother then exchanged gunfire and both sustained gunshots. Noah and his mother each accused the other of shooting Noah's father. After conducting multiple interviews and analyzing the crime scene, police submitted a homicide report and declaration of arrest stating they believed there was probable cause Noah committed homicide. Thereafter, the juvenile court certified Noah as an adult.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-17377

Noah first argues there was insufficient evidence to establish prosecutive merit because there was no physical evidence and the detectives basically made a judgment call between Noah's account of the murder and his mother's account. The juvenile court found there was prosecutive merit based on the declaration of arrest, the corresponding homicide report, and other reports and statements in the record. These documents are informal but reliable, as they were thorough and detailed with regards to the facts and investigation of the case. *See In re Seven Minors*, 99 Nev. 427, 437, 664 P.2d 947, 953 (1983) (explaining that prosecutive merit exists when there is probable cause the minor committed the charged crime), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006); *see also State v. White*, 130 Nev. 533, 539, 330 P.3d 482, 486 (2014) (providing that probable cause may be based on "slight, even marginal evidence" (internal quotation marks omitted)). Thus, we conclude the juvenile court did not err in finding prosecutive merit. *White*, 130 Nev. at 539, 330 P.3d at 486 (explaining this court will uphold a finding of probable cause absent substantial error).

Next, Noah contends the juvenile court abused its discretion in certifying him as an adult because the decisional matrix it used is in conflict with NRS 62B.390(1) and because the subjective factors category of the decisional matrix weighed against certification.[2] NRS 62B.390(1) gives the

---

[2]Noah also argues that the juvenile court made its decision before considering the decisional matrix, but this argument is not supported by the record. To the extent Noah argues his due process rights were violated, we need not address this argument because Noah fails to make a cogent argument regarding how his rights were violated. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to

juvenile court discretion to certify a juvenile as an adult when the juvenile "[i]s charged with murder or attempted murder and was 13 years of age or older when the murder or attempted murder was committed." The district court had discretion to certify Noah as an adult because he was 15 years old at the time the murder and attempted murder were committed. In determining whether to certify him as an adult, the juvenile court must consider the following decisional matrix: (1) the "nature and seriousness of the charged offense or offenses;" (2) "persistency and seriousness of past adjudicated or admitted criminal offenses;" and (3) subjective factors such as "age, maturity, character, personality, and family relationships and controls." *In re Seven Minors*, 99 Nev. at 434-35, 664 P.2d at 952.

There is no inherent conflict between the decisional matrix and NRS 62B.390(1). Further, while murder is generally a heinous and egregious crime and could potentially warrant certification on its own, the juvenile court still has discretion to certify the juvenile. Further, the juvenile court did not abuse its discretion by giving more weight to the first category of the decisional matrix than the third category. *In re Seven Minors*, 99 Nev. at 435, 664 P.2d at 952 (explaining that the first categories should be given "primary and most weighty consideration" and the third category "must be considered with greater caution" and only comes into play in close cases where neither of the first two categories clearly compel transfer to adult court). Thus, we conclude the juvenile court did not abuse its discretion by certifying Noah as an adult. *In re Eric A.L.*, 123 Nev. 26,

present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

33, 153 P.3d 32, 36-37 (2007) (explaining that this court reviews discretionary certification decisions for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk