IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: P. J.-S., A MINOR
15 YEARS OF AGE.

P. J.-S.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79518

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CNIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a juvenile court order certifying a juvenile to stand trial as an adult.[1] Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

Appellant contends the juvenile court erred by finding prosecutive merit for the charged offenses and not considering the voluntariness of his statements to law enforcement.[2] We review the finding of prosecutive merit for an abuse of discretion. *See In re Eric A.L.*, 123 Nev.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]To the extent appellant contends the State failed to gather evidence, we conclude the argument lacks merit because, without requesting an evidentiary hearing, he did not show the State acted negligently, grossly negligently, or in bad faith. *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (providing the test for claims of failure to gather evidence).

20-23455

26, 33, 153 P.3d 32, 36 (2007) (reviewing district court findings regarding petitions to certify a juvenile as an adult for an abuse of discretion).

In opposing certification, appellant argued that his statements to police were unreliable because both his waiver of *Miranda*[3] rights and his statements were involuntary. *See Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 181 (2006) ("A valid waiver of rights under *Miranda* must be voluntary, knowing, and intelligent."); *Passama v. State*, 103 Nev. 212, 213, 735 P.2d 321, 322 (1987) (an admissible confession must be "made freely and voluntarily, without compulsion or inducement"). Statements made in violation of *Miranda* are not admissible evidence. *See* NRS 48.025(1)(b) (the admissibility of relevant evidence is limited by constitutional safeguards). While the Fifth Amendment right against self-incrimination applies to "inculpatory statements made in juvenile proceedings," *In re William M.*, 124 Nev. 1150, 1158, 196 P.3d 456, 461 (2008), the juvenile court is not required to resolve suppression issues as part of the certification process, *see In re Three Minors*, 100 Nev. 414, 418, 684 P.2d 1121, 1124 (1984) ("Transfer proceedings are essentially dispositional in nature and not adjudicatory."), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006). "[T]he first business of the juvenile court in a transfer proceeding should be the threshold requirement of prosecutive merit." *Id.* at 418, 684 P.2d at 1123. The finding of prosecutive merit "is comparable to the finding that must be made in pre-adjudication detention

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

matters" and does not require an adversary hearing. *Id.* at 418, 684 P.2d at 1123-24. Thus, the juvenile court did not err by not addressing the voluntariness of the *Miranda* waiver or appellant's statements during the certification proceedings.[4]

Moreover, even assuming appellant's statements were unreliable, other evidence supports the juvenile court's finding of prosecutive merit. The State charged appellant with murder with the use of a deadly weapon, attempted robbery with the use of a deadly weapon, and conspiracy to commit robbery. The juvenile court considered various pieces of reliable evidence supporting the charged offenses. *See In re Three Minors*, 100 Nev. at 418, 684 P.2d at 1124 (explaining that a juvenile court may find prosecutive merit based upon "informal but reliable evidence," including "the petition, sworn investigative reports, witnesses' affidavits, [and] police affidavits"). For example, the State presented documentary evidence that witness W.G. saw the victim injured and several individuals fleeing the scene, one of whom was wearing a blue-hooded sweatshirt. W.G.

---

[4]Because the issues were not addressed in the certification proceedings, the record is underdeveloped, *see Passama*, 103 Nev. at 214, 735 P.2d at 323 (in determining voluntariness, courts consider "the effect of the totality of the circumstances on the will of the defendant"), and we do not address whether appellant voluntarily waived his *Miranda* rights or made statements voluntarily. Appellant may challenge the admissibility of his statements in the justice court before the preliminary hearing, *see Grace v. Eighth Judicial Dist. Court*, 132 Nev. 511, 514, 375 P.3d 1017, 1018 (2016) (concluding "that justice courts have express and limited inherent authority to suppress illegally obtained evidence during preliminary hearings"), or in the district court before trial, *see* NRS 174.125 (providing that a party may move to suppress evidence before trial).

approached the victim who stated that those individuals had shot him in an attempted robbery. The victim died later. Law enforcement responded to a prowler report and discovered appellant hiding in the area with a discarded blue-hooded sweatshirt nearby. W.G. identified appellant as one of the individuals he saw fleeing the scene. Based on this evidence, we conclude the juvenile court's finding was not "arbitrary or capricious," nor did it "exceed[ ] the bounds of law or reason," *see In re Eric A.L.*, 123 Nev. at 33, 153 P.3d at 36-37 (defining "abuse of discretion"), as the State presented the slight or marginal evidence to demonstrate prosecutive merit. *See In re Seven Minors*, 99 Nev. 427, 437, 664 P.2d 947, 953 (1983) (explaining that "prosecutive merit is to say that there is probable cause to believe that the subject minor committed the charged crime"), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006); *Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) ("The finding of probable cause may be based on slight, even marginal evidence." (internal quotation marks omitted)).

Second, appellant contends that the juvenile court abused its discretion in certifying him as an adult because the decisional matrix conflicts with NRS 62B.390(1), and because the subjective factors weighed against certification.[5] We disagree. There is no inherent conflict between

---

[5]Appellant also argues that the juvenile court predetermined the decision to certify him as an adult and the consideration of the decisional matrix was perfunctory, but this argument is not supported by the record. To the extent appellant argues his due process rights were violated, we need not address this argument because he fails to make a cogent argument regarding how his rights were violated. *See Maresca v. State*, 103 Nev. 669,

the decisional matrix and NRS 62B.390(1). Under NRS 62B.390(1), the juvenile court had discretion to certify appellant as an adult because he was 14 years old at the time of the murder. The juvenile court exercised that discretion in finding appellant was a principal actor and that the charged offenses are "serious, heinous, and egregious." *Seven Minors*, 99 Nev. at 434-45, 664 P.2d at 952 (holding that the first factor in determining whether the case should be transferred is the "nature and seriousness of the charged offense or offenses"). The juvenile court also considered appellant's prior juvenile adjudications as part of its analysis, noting that appellant had a prior adjudication for robbery with the use of a deadly weapon and he did not succeed on probation, which resulted in his placement in a youth camp. Further, the subject offenses occurred mere days after his release from the camp. *See id.* (holding that the second factor requires an analysis of the juvenile's delinquency history). Moreover, although the juvenile court acknowledged that the seriousness of the charged offenses alone could warrant transfer, *see In re Eric A.L.*, 123 Nev. at 33, 153 P.3d at 36 ("The juvenile court must give primary consideration to the first two factors, although the decision to certify may rest on either or both of these factors."), it then considered appellant's individual circumstances, including his personal history and lack of parental control. *See Seven Minors*, 99 Nev. at 434-45, 664 P.2d at 952 (holding that the final factor in determining whether to transfer requires a juvenile court to consider any relevant

---

673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

SUPREME COURT
OF
NEVADA

(O) 1947A

subjective factors—*e.g.*, "age, maturity, character, personality and family relationships and controls").

After considering all three *Seven Minors* factors, the juvenile court appropriately found that public safety and welfare warranted certification for proceedings as an adult. *Id.* at 434, 664 P.2d at 952 ("[T]he dispositive question to be addressed by the court is whether the public interest requires that the youth be placed within the jurisdiction of the adult criminal courts."). Therefore, we conclude the juvenile court did not abuse its discretion by certifying appellant to stand trial as an adult. Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A