## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: B. T., DATE OF BIRTH: 06/29/2000, A MINOR 20 YEARS OF AGE.

B. T.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83122

FILED

MAY 12 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a juvenile court order certifying appellant for prosecution as an adult. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

The State alleged that appellant sexually assaulted a 9-year-old victim multiple times in 2015 when he was 15 years old. The victim reported the abuse in September 2018, and further investigation did not appear to be conducted until March 2020. On April 6, 2021, the State filed a delinquency petition alleging four counts of sexual assault of a minor under 14 years of age and two counts of lewdness with a minor under 14 years of age. The State filed a petition to certify appellant as an adult on the same day, which the district court granted pursuant to NRS 62B.390(1)(a). This appeal followed.

Appellant argues that the juvenile court abused its discretion in certifying him as an adult. He asserts that the delay in investigating and prosecuting him prevented any opportunity to be considered for supervision by the juvenile court, given that the State did not charge him until shortly before his 21st birthday. Relying on language in NRS 62B.390(1) requiring

22-15106

a "full investigation," he asserts that the district court erred in not ordering discovery and conducting an evidentiary hearing.

NRS 62B.390(1)(a) authorizes discretionary certification to adult status when a juvenile "is charged with an offense that would have been a felony if committed by an adult and was 14 years of age or older at the time the child allegedly committed the offense." In exercising its discretion to certify a juvenile as an adult, *see In re Eric A.L.*, 123 Nev. 26, 33, 153 P.3d 32, 36 (2007) (reviewing decision to certify juvenile to adult status for abuse of discretion), the court must consider "(1) the nature and seriousness of the offense; (2) the seriousness and persistency of past admitted or adjudicated criminal offenses; and (3) personal considerations such as age, maturity, character, personality, and family relationships," *In re William S.*, 122 Nev. 432, 436, 132 P.3d 1015, 1017 (2006). The juvenile court must give primary consideration to the first two factors, although the decision under these two factors may rest on either or both factors. *Eric A.L.*, 123 Nev. at 33, 153 P.3d at 36. The court may consider the third factor when evaluation under the first two factors does not compel certification. *Id.*

We discern no abuse of discretion. The juvenile court found that the contents of the declaration of arrest and certification hearing report established prosecutive merit. These reports summarized statements of the victim describing the sexual abuse the State alleged that appellant committed. Although appellant did not have any prior adjudications, the multiple sexual offenses against a minor were sufficiently serious to warrant certification as an adult to serve the public's best interest and safety. *See Eric A.L.*, 123 Nev. at 33, 153 P.3d at 36 (holding that a decision to certify may rely on either the seriousness and nature of the underlying

offense or the juvenile's prior adjudicated or admitted crimes, or both); *Matter of Seven Minors*, 99 Nev. 427, 435, 664 P.2d 947, 952 (1983) (holding that "the nature and seriousness of the crime upon which the transfer proceedings are based may be such that transfer should be based on this factor alone"), *disapproved of on other grounds by William S.*, 122 Nev. 432, 132 P.3d 1015. In considering the certification hearing report and certification evaluation, the juvenile court satisfied the "full investigation" required by NRS 62B.390(1). *A Minor v. State*, 86 Nev. 691, 694, 476 P.2d 11, 13 (1970). Appellant's contention that he was prejudiced by investigative delay did not render the certification inappropriate as that is not a factor in the certification process. *See William S.*, 122 Nev. at 436, 132 P.3d at 1017. Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.[1]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc: Hon. William O. Voy, District Judge, Family Court Division
Chesnoff & Schonfeld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.