ALVIN LEWIS, JR., A MINOR UNDER THE AGE OF 18 YEARS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6176

December 21, 1970                    478 P.2d 168

*Wiener, Goldwater & Galatz* and *J. Charles Thompson,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Heber P. Hardy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is a direct appeal from an order of the lower court certifying appellant, a minor, to stand trial as an adult on a felony robbery charge. We affirm the order.

Appellant, a 17-year-old minor, was arrested as a juvenile and charged with armed robbery. The district attorney sought an order certifying him to stand trial as an adult. That order was entered from which a direct appeal is taken pursuant to NRS 62.280.

The lower court, sitting as a juvenile court, when the petition for adult certification was filed, ordered the Clark County Juvenile Probation Department to investigate all facts and circumstances necessary to assist the court in ruling upon the application. A lengthy report was filed which discussed the whereabouts of the minor, reasons for the hearing, previous record, police report, school report, psychological report, family history and background, and evaluation of the entire situation. The only recommendation made was that the Juvenile Court Judge take whatever action he deemed necessary in the matter. A copy of that report was served upon appellant's counsel.

Following rendition of the report and service upon appellant's counsel, a further hearing was held by the juvenile court after proper notice which was attended by appellant, his counsel, his mother, the deputy district attorney, and the deputy probation officer, who assembled the information. The judge stated that he had read the report. Appellant's counsel, without

seeking to call any witnesses of his own, asking to examine or cross-examine any witnesses present including the deputy probation officer, or attacking in any manner the admissibility of the report, presented arguments to the court disagreeing with certain conclusions reached in the report.

The judge, after determining appellant had nothing more to state to the court, rendered the following opinion:

"It apparently appears to me, Mr. Lewis, that you are a menace. You have committed robbery before. You were placed on formal probation, whether you call it larceny from the person or not, the fact still remains you did take with force and violence money from the person of another, which is robbery.

"The fact that the state desired to charge you with a lesser included offense is up to them. The fact does remain that it was a crime of violence. The fact does remain in this particular case that there was another crime of violence. The fact remains that you completely were aware of the circumstances. You have been aware of them in the past. It is not a situation where anybody led you into doing these things. It is not a situation where you were forced to do them or that under the circumstances as such you were required to do what you did. In both cases they were acts of willful contemplative volitional acts, something you thought about before you did it, and then did it.

"In this case you could very easily, if that boy had pulled the trigger, been charged with murder or manslaughter or whatever. You are seventeen and a half years of age?

"BY THE MINOR: Yes.

"BY THE COURT: And you are aware of what you did. You are a man, son, and you will stand trial as a man.

"You are certified to stand trial as an adult and you are ordered into the custody of the Sheriff pending bail. That is all."

Following that verbal opinion and order, a formal Adult Certification Order was entered which recited:

"This matter having come on for hearing before the Juvenile Court of the Eighth Judicial District, County of Clark, State of Nevada, on petition of Larry L. Villnow, Deputy Probation Officer, Clark County Juvenile Probation Department, on this 18th day of December 1969.

"After hearing the testimony of the Probation Department and the Court being fully advised in the premises," and ordered:

"IT IS HEREBY ORDERED that Alvin Lewis Jr. is certified to an Adult Status and custody remanded to the Clark County Sheriff's Office.

"The Chief Probation Officer, Clark County Juvenile Probation Department, is charged with the execution of said Order."

Appellant contends that NRS 62.080[1] is unconstitutional and violates the separation of powers doctrine, in that it fails to provide the necessary legislative guide lines for judicial administration of the certification issue and thus allows the court to act arbitrarily and capriciously. He also contends the adult certification order is void because it fails to set forth sufficient basis to permit meaningful review. Appellant also attacks the admissibility of the probation department's report as being hearsay.

The issues thus presented for our consideration are these:

I.    Whether NRS 62.080 constitutes an unlawful delegation of legislative power to the Juvenile Court.

II.    Whether the adult certification order is void for failure to state reasons or considerations.

1.    We hold NRS 62.080 to be constitutional. In reviewing a similar statute in the District of Columbia, the United States Supreme Court in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045 (1966), upheld it against an attack that it failed to provide adequate standards and said:

"The issue is the standards to be applied upon such review.

"We agree with the Court of Appeals that the statute contemplates that the Juvenile Court should have considerable latitude within which to determine whether it should retain jurisdiction over a child or—subject to the statutory delimitation—should waive jurisdiction. But this latitude is not complete. At the outset, it assumes procedural regularity sufficient in the particular circumstances to satisfy the basic requirements of due process and fairness, as well as compliance with the statutory requirement of a 'full investigation.' Green v. United States, 113 App.D.C. 348, 308 F.2d 303 (1962). The statute gives the Juvenile Court a substantial degree of discretion as to the factual considerations to be evaluated, the weight to be given them and the conclusions to be reached. It does not confer upon the Juvenile Court a license for arbitrary procedure."

---

[1] NRS 62.080 reads as follows: "If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may in its discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age shall be so certified."

That court paraphrased guide lines which had been previously drawn up as consistent with the basic aims and purposes of the Juvenile Court Act. They are set out in the margin as a guide to the criteria and principles to be followed in waiving jurisdiction of the juvenile court or in certifying a juvenile to stand trial as an adult.[2]

We feel that the necessary standards are set out in the general purpose clause of the Juvenile Court Act, NRS 62.290, which reads as follows:

"This chapter shall be liberally construed to the end that each child coming within the jurisdiction of the court shall receive such care, guidance and control, preferably in his own home, as will be conducive to the child's welfare and the best interest of the state, and that when such child is removed from the control of his parents, the court shall secure for him care as

---

[2]"An offense falling within the statutory limitations (set forth above) will be waived if it has prosecutive merit and if it is heinous or of an aggravated character, or—even though less serious—if it represents a pattern of repeated offenses which indicate that the juvenile may be beyond rehabilitation under Juvenile Court procedures, or if the public needs the protection afforded by such action.

"The determinative factors which will be considered by the Judge in deciding whether the Juvenile Court's jurisdiction over such offenses will be waived are the following:

"1. The seriousness of the alleged offense to the community and whether the protection of the community requires waiver.

"2. Whether the alleged offense was committed in an aggressive, violent, premeditated or wilful manner.

"3. Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted.

"4. The prosecutive merit of the complaint, i.e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney).

"5. The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults who will be charged with a crime in the U.S. District Court for the District of Columbia.

"6. The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.

"7. The record and previous history of the juvenile, including previous contacts with the Youth Aid Division, other law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation to this Court, or prior commitments to juvenile institutions.

"8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the Juvenile Court."

nearly as possible equivalent to that which should have been given him by them."

An attack, similar to the one made here by appellant, was rejected by the Supreme Court of New Mexico. In State v. Doyal, 286 P.2d 306 (1955), that court rejected an argument that the legislation was required to spell out with particularity the factors best calculated to promote the interest of a juvenile. The court stated: "It is a weighing of such consideration that might influence the judge to place the case for trial in the one or other court. The considerations that might so move a judge are so multifarious, however, that to test the validity of legislation by an omission to list them would be almost equivalent to attempting to name all the advantages of being upright and good." Accord Briggs v. United States, 226 F.2d 350 (App. D.C. 1955). See also State v. Owens, 416 P.2d 259 (Kan. 1966); People v. Shipp, 382 P.2d 577 (Cal. 1963).

2.   We see no merit to appellant's contention that the formal certification order is void because it fails to state reasons for its issuance in violation of our decision in Kline v. State, 86 Nev. 59, 464 P.2d 460 (1970), and Kent v. United States, supra. In his oral decision preceding issuance of the formal adult certification order, Judge Mendoza gave his reasons or considerations therefor. Summarized, they are:

"1.   You are a menace.
"2.   You have committed robbery before.
"3.   You were placed on probation because of exerting force and violence upon another.
"4.   You have committed another crime of violence.
"5.   You were aware of the circumstances.
"6.   You have been aware of them in the past.
"7.   You did them of your own volition.
"8.   They were wilful acts.
"9.   You are 17½ years old.
"10.   You are aware of what you did.
"11.   You are a man and you will stand trial as one."

Those reasons or considerations are in the record and permit meaningful review by this court. Kline v. State, supra. The order was made after full investigation, is supported by substantial relevant evidence, and received careful consideration of the Juvenile Court. Kent v. United States, supra.

3.   We decline to review the question of the admissibility of the probation department's report as being hearsay. Objection

to it was not presented to the lower court and may not be cited as an error for the first time on appeal. Sherwood v. Sissa, 5 Nev. 349 (1870); Barra v. Dumais, 76 Nev. 409, 356 P.2d 124 (1960).

Affirmed.

Zenoff, Batjer, Mowbray, and Thompson, JJ., concur.