OPINION
 

 Per Curiam:
 

 These appeals center on Nevada’s presumptive certification statute, which consists of NRS 62B. 390(2) and (3). These provisions create a rebuttable presumption that juveniles who are over 13 years of age and charged with certain enumerated offenses fall outside of the jurisdiction of the juvenile court and must therefore be transferred to the district court for adult criminal proceedings. In particular, we examine NRS 62B.390(3)(b)’s rebuttal requirements in light of the right against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. Under NRS 62B.390(3)(b), to rebut the presumption of certification, the
 
 *1152
 
 juvenile court must find clear and convincing evidence that the juvenile’s criminal actions were substantially influenced by substance abuse or emotional or behavioral problems that may be appropriately treated within the jurisdiction of the juvenile court. Appellants argue that NRS 62B.390(3)(b) requires juveniles to admit to the charged, but unproven, criminal actions, which implicates the Fifth Amendment right against self-incrimination and the constitutionality of the presumptive certification provisions.
 

 Thus in resolving these appeals, we initially determine whether the Fifth Amendment right against self-incrimination is available to juveniles in certification proceedings. We conclude that the Fifth Amendment right against self-incrimination is available to juveniles in certification proceedings under the United States Supreme Court’s decision in
 
 In re Gault.
 

 [1]
 

 Necessarily, we overrule that part of this court’s decision in
 
 Marvin v.
 
 State
 
 [2]
 
 that improperly concluded that the Fifth Amendment right against self-incrimination did not apply to juveniles in waiver proceedings.
 

 Given the Fifth Amendment’s applicability to juvenile certification proceedings, we next address whether NRS 62B.390(3)(b)’s rebuttal terms impinge on the right against self-incrimination by requiring the juvenile to either accede to the criminal court’s jurisdiction despite having a substance abuse or emotional or behavioral problem, or to admit guilt, even though that admission could later be used against him in juvenile or adult court proceedings. We hold that, by requiring a juvenile to admit to the charged criminal conduct in order to overcome the presumption of adult certification, the presumptive certification statute, NRS 62B.390(2) and (3), violates the juvenile’s Fifth Amendment right against self-incrimination.
 

 We therefore reverse the district court’s orders certifying appellants as adults and remand these matters for further proceedings consistent with this opinion. Our disposition of these issues renders the remaining issues in these consolidated appeals moot.
 

 FACTS AND PROCEDURAL HISTORY
 

 When children under the age of 18 are charged with committing delinquent acts, the juvenile division of the district court retains jurisdiction over them unless the delinquent act is specifically excluded from juvenile jurisdiction under NRS 62B.330(3) or the juvenile court relinquishes jurisdiction under NRS 62B.390 or NRS 62B.400.
 

 Pursuant to NRS 62B.390, the State may move to certify a juvenile, over the age of 13, as an adult for the purpose of pursuing criminal proceedings against him or her on two bases: discre
 
 *1153
 
 tionary certification and presumptive certification. Discretionary certification applies when a juvenile is charged with an offense that would have been a felony if committed by an adult, the juvenile was age 14 or older at the time the offense was committed, and the juvenile court, after considering a decisional matrix of factors, determines that the public safety and interest would be better served by transferring the juvenile to adult criminal court.
 
 [3]
 
 Presumptive certification applies if the juvenile is charged with either sexual assault involving the use or threatened use of force or violence or an offense involving the use or threatened use of a firearm and the juvenile was age 14 or older at the time the offense was committed. To rebut the presumption of certification, the juvenile must demonstrate by clear and convincing evidence that (1) he or she is developmentally or mentally incompetent to understand his or her situation and the proceedings of the court or to aid his or her attorney in those proceedings, or (2) that his or her actions were substantially the result of the substance abuse or emotional or behavioral problems of the child and the substance abuse or emotional or behavioral problems may be appropriately treated through the jurisdiction of the juvenile court.
 
 [4]
 
 Before either type of certification, the State must first establish prosecutive merit by demonstrating that probable cause exists to believe that the juvenile committed the charged offenses.
 
 [5]
 

 In these consolidated appeals, appellants were juveniles over the age of 13 when they were charged, in separate cases, with offenses involving the use of a firearm. Respondent State of Nevada petitioned the juvenile court to certify appellants for criminal proceedings as adults under the presumptive certification statute, NRS 62B. 390(2). Following separate proceedings, in which both appellants maintained their innocence, the juvenile court concluded that appellants had failed to rebut the certification presumption and certified appellants for criminal proceedings as adults.
 

 In re William M.
 

 According to the police report filed in William M.’s case, a witness to a two-person robbery of Roberto’s Taco Shop identified William during a one-on-one lineup as the lookout during the robbery. At the time of the identification, William was already in custody, but there is no indication in the record of how William came to be in custody or why he was presented to the witness for identification.
 

 
 *1154
 
 William, who was 17 years old at the time of the incident, was charged with conspiracy to commit robbery, burglary while in possession of a firearm, and robbery with the use of a deadly weapon. The State sought to certify William as an adult by way of a certification petition under NRS 62B. 390(2), the presumptive certification provision.
 

 William filed an opposition to the State’s certification petition, attaching to it the juvenile court psychologist’s evaluation and William’s probation officer’s certification report. Both reports detailed William’s alcohol abuse. The psychological report stated that he had a serious alcohol abuse problem and that his alcohol scale score fell within the maximum risk range, requiring his participation in a substance abuse counseling program. In addition, the court psychologist diagnosed William with cannabis abuse, amphetamine abuse, and conduct disorder (adolescent-onset type), as well as legal, academic, and peer group issues. The certification report revealed that William had been cited twice for alcohol-related offenses, was placed on formal probation for having possessed or consumed alcohol as a minor, and was referred to Alcoholics Anonymous meetings.
 

 A hearing was held to determine whether William should be certified for criminal trial as an adult under NRS 62B. 390(2). During that hearing, William’s counsel stipulated to prosecutive merit, based on the witness who claimed that William had acted as a lookout. William’s counsel then explained that although there was clear and convincing evidence regarding William’s substance abuse, William was unable to rebut the presumption of adult certification by connecting his substance abuse problem to any actions in the alleged robbery, as he denied being involved in the incident. While maintaining William’s innocence, William’s counsel then asked the court to assume that if William had been present during the alleged taco shop robbery, his actions would have been influenced by either alcohol or some other type of drug.
 

 The court orally responded that, even though William had clearly established an alcohol abuse problem, he had not established a direct nexus between his alcohol abuse and the alleged conduct, as required by this court’s interpretation of NRS 62B.390(3)’s rebuttal terms in
 
 Anthony Lee R., A Minor
 
 v.
 
 State.
 

 [6]
 

 The juvenile court reasoned that, even if it were to assume that William probably would have been under the influence had he been present at the scene, such a hypothetical situation would not amount to the clear and convincing evidence required to rebut the certification presumption.
 

 At the close of William’s certification hearing, the juvenile court, concluding that William could not meet his burden to rebut
 
 *1155
 
 the certification presumption, as he had taken the position that he was not even present during the alleged incident, certified William for criminal proceedings as an adult. The order certifying William was submitted by the State and signed by the juvenile court. Although the juvenile court had orally recognized that William “obviously has an issue with alcohol,” the court’s written order stated that the court found no substantial substance abuse.
 

 Subsequently, William appeared in the district court for criminal proceedings and pleaded not guilty to the charges. William then timely filed his notice of appeal from the order certifying him as an adult. He is currently in adult detention and faces up to 51 years’ imprisonment on the charges.
 

 In re Marques B.
 

 The charges against appellant Marques B. stem from the armed robbery of two individuals by two juvenile males in a park. As a result of the park robbery, Marques, who was 17 years old at the time, was charged with conspiracy to commit robbery, two counts of robbery with the use of a deadly weapon, discharging a firearm, endangering a person, and possession of a firearm.
 

 The State sought to certify Marques for criminal proceedings as an adult by way of a certification petition under NRS 62B. 390(2). Marques filed an opposition to the State’s petition for certification that included his court-ordered psychological and competency evaluations, a Family and Youth Services Department psychological services report rendered approximately three years prior, a Clark County School District Multidisciplinary Evaluation Team report, and a diagnostic report showing a positive result for the presence of marijuana metabolite in Marques’ submitted sample.
 

 The juvenile court psychologist diagnosed Marques with cannabis abuse, disruptive behavior disorder (not otherwise specified), a history of learning disorders, a history of communication disorders, adolescent antisocial behavior, and borderline intellectual functioning. It was also noted that Marques had legal, academic, and peer group issues. Marques’ psychological evaluation also revealed that Marques has received special education services since kindergarten; he has been classified by the Clark County School District as a child with specific learning disabilities; he has demonstrated weakness in math, listening comprehension, written expression, and basic reading; his last IQ score of 74 falls within the borderline range of intellectual functioning; and he had been identified as being developmentally delayed and having a severe oral language disorder.
 

 Marques’ competency evaluation concluded that he was “borderline competent” and “just barely able to understand what’s going on.” The evaluation stated that Marques was unable to state the specific charges against him; he understood the charges were
 
 *1156
 
 serious; he thought that the worst thing that could happen to him was the judge “sending [him] up for two years,” and that would be the worst thing “because it’s a long time”; he was unable to describe the role of the prosecutor; he did not know the difference between the judge, the prosecutor, and the defense attorney; his learning disabilities impacted his expressive and receptive language skills; his low level of intellectual functioning needed to be taken into account when using legal terminology; he could not explain what a plea bargain or plea agreement was; and he could not fully appreciate the risks involved in a plea bargain. The competency evaluation concluded that Marques had deficits in his abilities associated with competence to stand trial, but the deficits were not sufficient to have him deemed incompetent by the court.
 

 The Family and Youth Services Department report showed Marques reading at a second grade level, scoring below the first percentile for his age. All of the reports submitted with Marques’ opposition that included an assessment for violence found that Marques demonstrated a very low risk for violence.
 

 A hearing was held to determine whether Marques should be tried as an adult under NRS 62B.390(2). During that hearing, Marques’ counsel stipulated to prosecutive merit. Like in William’s case, counsel argued that, since Marques denied being present during the alleged incident, the court should accept the hypothetical proposition that if Marques had been at the robbery in the park, his involvement would have been substantially influenced by his substance abuse and emotional and behavioral problems.
 

 The court found that the State had established prosecutive merit. Concluding that Marques could not meet his rebuttal burden by establishing a nexus between his substance abuse or his emotional and behavioral issues and the park robbery, as he denied any involvement in the robbery, the court certified Marques for criminal proceedings as an adult. The order certifying Marques as an adult provides that he is not developmentally or mentally incompetent to understand his situation and the proceedings of the court or to aid his attorney in those proceedings. The order also states that there was not clear and convincing evidence that Marques’ actions were substantially the result of his emotional or behavioral problems and that such problems could be treated through the jurisdiction of the juvenile court.
 

 Marques appeared in the district court for criminal proceedings and pleaded not guilty to the charges. He then filed his notice of appeal from the order certifying him as an adult. After spending weeks in adult detention, the district court granted Marques house arrest. Marques faces up to 60 years’ imprisonment on the charges.
 

 Because William’s and Marques’ appeals raised similar issues regarding the constitutionality of Nevada’s presumptive certifica
 
 *1157
 
 tion provisions, NRS 62B.390(2) and (3), we consolidated the two matters for consideration.
 

 DISCUSSION
 

 Appellants argue that Nevada’s presumptive certification provisions violate their Fifth Amendment right against self-incrimination by requiring them to admit guilt to rebut the presumption of adult certification but failing to prohibit the admission of their incriminating statements in subsequent guilt-determination proceedings. Thus, preliminarily, we must determine whether the Fifth Amendment guarantee against self-incrimination applies to statements made in juvenile certification proceedings, a question that we have not before directly addressed. Because we determine that the Fifth Amendment right applies here, we then consider whether NRS 62B.390(3)(b)’s rebuttal provision violates that right by requiring juveniles to make self-incriminating statements.
 

 “Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional.”
 
 [7]
 
 The presumption of validity is rebutted when the challenger clearly shows the statute’s invalidity.
 
 [8]
 
 We review the constitutionality of a statute de novo.
 
 [9]
 
 As always, our objective when interpreting statutes is to give effect to the Legislature’s intent.
 
 [10]
 
 Here, NRS 62B.390(3)(b)’s language requires the juvenile to admit to the charged criminal conduct in order to rebut the presumption. Consequently, the presumptive certification statute is unconstitutional.
 

 The Fifth Amendment right against self-incrimination applies in juvenile certification proceedings
 

 The Fifth Amendment applies to the states through the Fourteenth Amendment and directs that “[n]o person . . . shall be compelled in any criminal case to be a witness against himself.”
 
 [11]
 
 This privilege against self-incrimination has been “broadly applied and generously implemented” by the United States Supreme Court
 
 [12]
 
 and has long been interpreted to mean that a defendant
 
 *1158
 
 may refuse “to answer official questions put to him in any . . . proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.”
 
 [13]
 
 Moreover, the United States Supreme Court has unequivocally extended the Fifth Amendment right against self-incrimination to juveniles in delinquency proceedings.
 
 [14]
 
 In the 1967 case
 
 In re Gault,
 
 which involved a guilt-determination delinquency proceeding, the Court explained that
 

 the availability of the [Fifth Amendment privilege against self-incrimination] does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites. The privilege may, for example, be claimed in a civil or administrative proceeding, if the statement is or may be inculpatory.
 
 [15]
 

 The
 
 Gault
 
 opinion thus indicates that statements made by juveniles in detention may be of the nature that would trigger Fifth Amendment protection:
 

 It would be entirely unrealistic to carve out of the Fifth Amendment all statements by juveniles on the ground that these cannot lead to “criminal” involvement. In the first place, juvenile proceedings to determine “delinquency,” which may lead to commitment to a state institution, must be regarded as “criminal” for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the “civil” label-of-convenience which has been attached to juvenile proceedings. . . .
 

 In addition, apart from the equivalence for this purpose of exposure to commitment as a juvenile delinquent and exposure to imprisonment as an adult offender, the fact of the matter is that there is little or no assurance ... in most if not all of the States, that a juvenile apprehended and interrogated by police . . . will remain outside of the reach of adult courts as a consequence of the offense for which he has been taken into custody.
 
 [16]
 

 Accordingly, the Fifth Amendment privilege against self-incrimination applies to inculpatory statements made in juvenile proceedings.
 

 
 *1159
 

 Nevada juvenile court certification proceedings may elicit inculpatory statements, implicating the Fifth Amendment
 

 As noted by the Supreme Court in
 
 Gault,
 
 statements are inculpatory under the Fifth Amendment if they could be used to incriminate the juvenile and deprive him of his liberty in any future delinquency or criminal proceedings.
 
 [17]
 
 Thus to determine the Fifth Amendment’s applicability, courts must look to the nature of the statements at issue and their potential for exposure to commitment or imprisonment.
 

 NRS 62B.390(3)(b) requires an admission of the charged criminal conduct in order to overcome the presumption of adult certification
 

 As noted, to rebut presumptive certification under the statute at issue here, NRS 62B.390(3)(b), the juvenile court must find by clear and convincing evidence that the juvenile’s “actions . . . were substantially the result of the substance abuse or emotional or behavioral problems.” In
 
 Anthony Lee R., A Minor
 
 v. State,
 
 [18]
 
 this court recognized that while drugs and emotional or behavioral problems cannot be said to “cause” criminal conduct, they are often overwhelming factors that contribute to a juvenile’s decision to commit a crime. Consequently, we interpreted NRS 62B.390(3)(b)’s predecessor, NRS 62.080(2)(b), as requiring the juvenile to rebut the presumption by establishing that substance abuse or emotional or behavioral problems had “substantially influenced or contributed to [the charged] criminal actions.”
 
 [19]
 
 Thus, under
 
 Anthony Lee R.
 
 ’s interpretation of the rebuttal provision’s operation, a juvenile must incriminate himself to rebut the certification presumption, as he must present clear and convincing evi
 
 *1160
 
 dence that due to a substance abuse, emotional, or behavioral problem, he committed the charged criminal actions.
 

 The juvenile court’s current practice of requiring juveniles to establish a direct nexus between their substance abuse, emotional, or behavioral problems and the charged criminal conduct supports our conclusion that incriminating statements are required to rebut the certification presumption. The court in William’s case noted that William’s own statements would have to establish that he was intoxicated on the night in question during the alleged incident and that, as the court understood the rebuttal requirements, William could not meet his burden as he denied being present during the incident. Similar statements were made by the district court in Marques’ case.
 

 Incriminating statements made by juveniles during waiver proceedings may be used against them in subsequent criminal proceedings
 

 Thus, under
 
 Anthony Lee R.,
 
 NRS 62B.390(3)(b) appears to require the juvenile to make incriminating statements. In
 
 Marvin
 
 v.
 
 State,
 

 [20]
 

 however, this court held that because a juvenile’s certification proceeding was not designed to determine guilt, the Fifth Amendment right against self-incrimination was irrelevant with respect to evidence submitted therein.
 
 [21]
 
 In that case, Marvin, a 17-year-old juvenile arrested in Carson City for burglary and possession of burglary tools, made statements while in detention regarding his participation in several burglaries.
 
 [22]
 
 Based on the incriminating information derived from Marvin’s statements, a second county, Washoe, filed additional burglary charges and the juvenile court waived its jurisdiction and transferred Marvin to adult criminal court.
 
 [23]
 

 On appeal, Marvin argued that the confessions on which the juvenile court based its jurisdiction waiver were admitted in violation of his Fifth Amendment right against self-incrimination.
 
 [24]
 
 This court rejected Marvin’s Fifth Amendment claim, recognizing that while certification was “a critically important action,” it did not necessarily result in the juvenile’s condemnation and thus did not implicate his Fifth Amendment right against self-incrimination.
 
 [25]
 
 By extension,
 
 Marvin
 
 suggests that evidence submitted during a certification proceeding cannot or will not be used in later guilt de
 
 *1161
 
 termination proceedings. But, as recognized by this court after
 
 Marvin,
 
 nothing prohibits the use of these statements against the juvenile in subsequent juvenile or adult criminal proceedings.
 
 [26]
 
 Should the juvenile meet his burden under NRS 62B.390(3)(b) and
 
 Anthony Lee
 
 R., the juvenile court may nonetheless certify the juvenile for criminal proceedings as an adult under the discretionary certification provision, NRS 62B.390(1).
 
 [27]
 
 In determining whether to waive its jurisdiction under the discretionary certification provision, the juvenile court may consider the incriminating statements made by the juvenile in attempting to rebut the presumptive certification provision.
 
 [28]
 
 Further, the juvenile’s admission of the charged criminal conduct may ultimately be used against him in any adult criminal proceedings, if the statements are deemed to have been made voluntarily.
 
 [29]
 
 And, although this court has not specifically addressed whether such statements may be admitted at a subsequent juvenile delinquency hearing, we have suggested that they could be admitted if made voluntarily, and nothing in the statute prohibits their admission.
 
 [30]
 

 Accordingly, we take this opportunity to overrule
 
 Marvin,
 
 in part. Specifically, we renounce
 
 Marvin’s
 
 conclusion that the Fifth Amendment is irrelevant during a certification proceeding simply because guilt is not being determined therein. Based on the Supreme Court’s opinion in
 
 Gault,
 
 the type of proceeding is not determinative of whether the Fifth Amendment privilege applies.
 
 [31]
 
 Rather, the availability of the privilege turns on the nature of the statements and the exposure that the statements invite.
 
 [32]
 

 While the result of a certification hearing is not a final adjudication of guilt, the California Supreme Court has recognized that “the certification of a juvenile offender to an adult court has been accurately characterized as ‘the worst punishment the juvenile system is empowered to inflict.’ ”
 
 [33]
 
 We, too, have noted that “[t]he ju
 
 *1162
 
 venile court’s decision to retain jurisdiction or certify for criminal proceedings is a much more momentous and life-changing event for a juvenile than is an adjudication of delinquency.’ ’
 
 [34]
 
 As a result, and because the statements arguably required under NRS 62B.390(3)(b) and
 
 Anthony Lee R.
 
 to rebut presumptive certification in juvenile proceedings are inculpatory in nature and invite exposure to commitment or imprisonment, since they may be used against the juveniles in subsequent delinquency and criminal proceedings that could directly result in a loss of liberty, the Fifth Amendment privilege against self-incrimination is available to juveniles in certification proceedings.
 

 No alternative constitutional interpretation of statute available
 

 Because we conclude that the Fifth Amendment privilege is available to juveniles in certification proceedings, NRS 62B.390(3)(b)’s rebuttal terms, which require the juvenile to admit to the charged criminal actions to overcome presumptive certification, appear to be unconstitutional. The language of a statute is generally read in accordance with its plain meaning, unless ambiguous.
 
 [35]
 
 When possible, if one interpretation of a statute involves serious constitutional difficulties, we will reject that interpretation in favor of a reasonable, constitutionally sound alternative.
 
 [36]
 

 The plain language of NRS 62B.390(3)(b) requires that a juvenile present clear and convincing evidence that his or her actions were substantially influenced by either substance abuse or emotional or behavioral problems. Clearly, the term “actions” refers to the charged criminal actions. Accordingly, a juvenile must present evidence that his substance abuse or emotional or behavioral problems substantially influenced his commission of the charged criminal actions. In ofher words, to rebut presumptive certification, the juvenile must incriminate himself.
 

 The State argues that NRS 62B.390(3)(b) can be read in a manner that would not require the juvenile to present evidence regarding the charged criminal actions in order to overcome the presumption of adult certification. But the statute expressly requires the juvenile to present clear and convincing evidence that the charged criminal actions were substantially the result of substance abuse, emotional, or behavioral problems. To interpret NRS 62B.390(3)(b) in a manner that removed this requirement, we would have to substantially rewrite the statute. Such extensive
 
 *1163
 
 statutory revisions are not within the judiciary’s province, but that of the Legislature. The State’s argument is thus unpersuasive.
 

 In light of our earlier conclusion that the Fifth Amendment right against self-incrimination applies to juveniles in waiver proceedings, NRS 62B.390(3)(b)’s requirement that a juvenile admit the charged criminal conduct, and thereby incriminate himself, in order to overcome the presumption of adult certification is unconstitutional. As the Legislature clearly intended to maintain exceptions to presumptive certification, NRS 62B. 390(2) cannot stand alone, without said exceptions. Accordingly, we declare the entirety of Nevada’s presumptive certification provisions, NRS 62B. 390(2) and (3), unconstitutional.
 

 This decision was not made without forethought. Even though presumptive certification is no longer available, the State may nonetheless petition for adult certification of juveniles who would have fallen under the presumptive certification provisions by seeking discretionary certification under NRS 62B.390(1). As the records in these appeals indicate, the State regularly seeks discretionary certification under NRS 62B.390(1) when presumptive certification fails. Nothing in our decision today prevents the State from seeking certification of juveniles in appropriate cases under the discretionary certification provision.
 
 [37]
 

 CONCLUSION
 

 Based on the U.S. Supreme Court’s decision in
 
 In re
 
 Gault,
 
 [38]
 
 we hold that the Fifth Amendment right against self-incrimination is available to juveniles in certification proceedings. Consequently, we overrule that portion of this court’s decision in
 
 Marvin
 
 v. State
 
 [39]
 
 suggesting that the Fifth Amendment right against self-incrimination is necessarily irrelevant in juvenile certification proceedings. Further, because NRS 62B.390(3)(b)’s rebuttal terms require juveniles to admit to the charged criminal conduct, Nevada’s presumptive certification provisions, NRS 62B.390(2) and (3), violate the Fifth Amendment and therefore are unconstitutional. Accordingly, here, we reverse the district court’s orders certifying appellants as adults for criminal proceedings and remand these matters for further proceedings in the juvenile court consistent with this opinion.
 

 [1]
 

 387 U.S. 1 (1967).
 

 [2]
 

 95 Nev. 836, 603 P.2d 1056 (1979).
 

 [3]
 

 See In the Matter of Seven Minors,
 
 99 Nev. 427, 664 P.2d 947 (1983),
 
 disapproved of on other grounds by Matter of William S.,
 
 122 Nev. 432, 132 P.3d 1015 (2006).
 

 [4]
 

 See Anthony Lee R., A Minor
 
 v.
 
 State,
 
 113 Nev. 1406, 952 P.2d 1 (1997).
 

 [5]
 

 Seven Minors, 99
 
 Nev. at 437, 664 P.2d at 953.
 

 [6]
 

 113 Nev. at 1416-17, 952 P.2d at 7-8.
 

 [7]
 

 Nevadans for Nevada v. Beers,
 
 122 Nev. 930, 939, 142 P.3d 339, 345 (2006).
 

 [8]
 

 Id.
 

 [9]
 

 Id.
 

 [10]
 

 Salas v. Allstate Rent-A-Car, Inc.,
 
 116 Nev. 1165, 1168, 14 P.3d 511, 513 (2000).
 

 [11]
 

 Estelle v. Smith,
 
 451 U.S. 454, 462 (1981).
 

 [12]
 

 In re Gault,
 
 387 U.S. 1, 50 (1967).
 

 [13]
 

 Lefkowitz v. Turley,
 
 414 U.S. 70, 77 (1973).
 

 [14]
 

 Gault,
 
 387 U.S. at 50.
 

 [15]
 

 Id.
 
 at 49.
 

 [16]
 

 Id.
 
 at 49-50.
 

 [17]
 

 Id.
 
 at 50.
 

 [18]
 

 113 Nev. 1406, 1416, 952 P.2d 1, 7 (1997).
 

 [19]
 

 Id.
 
 at 1416, 952 P.2d at 8. NRS 62.080 was repealed and its provisions re-codified as NRS 62B.390, effective on January 1, 2004. 2003 Nev. Stat., ch. 206, § 53, at 1030-31, §§ 383-384, at 1162. The version of NRS 62.080 at issue in
 
 Anthony Lee R.
 
 was substantively similar to the current version of NRS 62B.390(3)(b) and read in relevant part,
 

 “If a child 14 years of age or older is charged with . . . [an] offense involving the use or threatened use of a deadly weapon or an attempt to commit such an offense, ... the juvenile division . . . shall certify the child for proper criminal proceedings to [the adult court] unless the court specifically finds that. . . exceptional circumstances exist because the child’s actions were substantially the result of his substance abuse or emotional or behavioral problems!,] and such abuse or problems may be appropriately treated through the jurisdiction of the juvenile division.”
 

 [20]
 

 95 Nev. 836, 603 P.2d 1056 (1979).
 

 [21]
 

 Id.
 
 at 840, 603 P.2d at 1059.
 

 [22]
 

 Id.
 
 at 839, 603 P.2d 1058.
 

 [23]
 

 Id.
 
 at 840, 603 P.2d at 1059.
 

 [24]
 

 Id.
 

 [25]
 

 Id.
 
 at 841, 603 P.2d at 1060 (quotation and citation omitted).
 

 [26]
 

 See Matter of William S.,
 
 122 Nev. 432, 132 P.3d 1015 (2006);
 
 Quiriconi v. State,
 
 96 Nev. 766, 616 P.2d 1111 (1980).
 

 [27]
 

 Matter of William S.,
 
 122 Nev. 432, 132 P.3d 1015.
 

 [28]
 

 Indeed, in both William’s and Marques’ cases, the State has indicated its intent to pursue discretionary certification if presumptive certification is denied. No statute or decisional law currently prevents the State from using any statements made by William or Marques in the discretionary certification proceedings.
 
 Id.
 
 at 437, 132 P.3d at 1018.
 

 [29]
 

 Quiriconi, 96 Nev. at 771,
 
 616
 
 P.2d at 1114.
 

 [30]
 

 Id.
 
 (noting that where the record supports a finding of voluntariness, statements obtained from juveniles prior to adult certification are admissible in criminal trials).
 

 [31]
 

 387 U.S. 1, 49-50 (1967).
 

 [32]
 

 Id.
 

 [33]
 

 Ramona R.
 
 v.
 
 Superior Court (People),
 
 693 P2d 789, 795 (Cal. 1985) (quoting Note,
 
 Separating the Criminal from the Delinquent: Due Process in Certification Procedure,
 
 40 So. Cal. L. Rev. 158, 162 (1967)).
 

 [34]
 

 Anthony Lee R., A Minor v. State,
 
 113 Nev. 1406, 1410 n.1, 952 P.2d 1, 4 n.1 (1997).
 

 [35]
 

 California Commercial v. Amedeo Vegas I,
 
 119 Nev. 143, 145, 67 P.3d 328, 330 (2003).
 

 [36]
 

 Sheriff
 
 v.
 
 Smith,
 
 91 Nev. 729, 733, 542 P.2d 440, 443 (1975).
 

 [37]
 

 See, e.g., Matter of William S., 122 Nev. 432, 132 P.3d 1015
 
 (2006).
 

 [38]
 

 387 U.S. 1 (1967).
 

 [39]
 

 95 Nev. 836, 603 P.2d 1056 (1979).