# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: D. T., A MINOR,

D. R. T.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62009

FILED

FEB 1 0 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a juvenile court order certifying appellant to stand trial as an adult on charges of sexual assault, battery with intent to commit a crime (sexual assault), burglary, second-degree kidnapping, and battery constituting domestic violence. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.[1]

Appellant first contends that the juvenile court's ruling and written order are not sufficiently specific to satisfy procedural due process. Relying on *Kent v. United States*, 383 U.S. 541 (1966), appellant asserts that the juvenile court's order does not demonstrate that a full investigation was performed prior to the certification hearing. He also contends that because the juvenile court merely listed the subjective factors without explaining how each factor impacted public safety, the record is insufficient to demonstrate that the juvenile court meaningfully

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

17-04800

reviewed his case or provide a basis for appellate review. *See id.* at 561 (requiring juvenile court, when making a decision to transfer a child to adult status, to make a statement of reasons for the transfer).

Although we acknowledge that the juvenile court's oral ruling and written order lack detail, we conclude they meet the minimum requirements of due process. It is clear from the record that the juvenile court conducted a full investigation into appellant's background before the certification hearing. The record indicates that the court considered the information obtained as a result of that investigation, as well as information from appellant's psychological evaluation and defense counsel's opposition to the certification petition, when rendering its decision. *See Lewis v. State*, 86 Nev. 889, 894, 478 P.2d 168, 171 (1970) (looking to court's oral decision to determine compliance with *Kent*). Further, there is no requirement that the juvenile court explain how each subjective factor impacts public safety. *But cf. In re Glenda Kay S.*, 103 Nev. 53, 59, 732 P.2d 1356, 1360 (1987) (requiring the juvenile court to state the reasons for selecting a disposition of commitment in delinquency proceedings and why that disposition serves the interests of the child and/or the State). To the extent appellant requests that we impose such a requirement in certification proceedings, we decline to do so at this time.

Relatedly, appellant asserts that the juvenile court's order is not sufficiently specific to allow for meaningful review because it is unclear whether the court concluded that certification was warranted based on the nature and seriousness of the offenses alone, appellant's history of prior adjudications alone, or if the court considered the subjective factors. *See In re William S.*, 122 Nev. 432, 440-41, 132 P.3d 1015, 1021 (2006) (certification may be based on either the seriousness of

the offenses or a juvenile's past adjudications alone; alternatively, in close cases, the court may consider a juvenile's personal, subjective factors, in conjunction with the other factors).

He also asserts that because a certification hearing is akin to a sentencing hearing and juveniles are entitled to individualized sentencing determinations, the juvenile court's failure to consider his subjective factors violated his due process right to an individualized certification determination. *See Miller v. Alabama*, 567 U.S. ___, ___, 132 S. Ct. 2455, 2469 (2012) (mandatory sentences of life without the possibility of parole for juvenile offenders convicted of homicide violates the Eighth Amendment). We disagree. The juvenile court's written order indicates that the court considered all three factors, including appellant's subjective factors. And the fact that the court considered the subjective factors indicates that it did not base its certification decision on either of the first two factors alone. *See In re Eric A.L.*, 123 Nev. 26, 33, 153 P.3d 32, 36 (2007) (the juvenile court may consider the subjective factors in close cases where neither of the first two factors compels certification). Thus, appellant fails to demonstrate error.

Next, appellant contends that the juvenile court abused its discretion by certifying him for adult criminal proceedings. We disagree. The juvenile court determined that appellant was charged with committing serious crimes and noted his history of prior adjudications. The court also considered appellant's subjective factors, including his cognitive impairments. The court then "reluctantly" concluded that public safety warranted certification. As noted above, the record indicates that the juvenile court adequately considered the relevant factors and we cannot conclude that its decision to grant the State's

certification petition was an abuse of discretion.[2] *See id.* at 33, 153 P.3d at 36-37 (stating that the juvenile court's decision to certify is reviewed for an abuse of discretion and defining "abuse of discretion").

Finally, relying on *Graham v. Florida*, 560 U.S. 48, (2010), *Roper v. Simmons*, 543 U.S. 551 (2005), and *Atkins v. Virginia*, 536 U.S. 304 (2002), appellant appears to contend that certification of cognitively impaired juveniles for adult proceedings is unconstitutional. When considering the constitutionality of a statute, de novo review applies. *In re William M.*, 124 Nev. 1150, 1157, 196 P.3d 456, 460 (2008). A statute is presumed valid and it is the challenger's burden to demonstrate that it is unconstitutional. *Id.*

The cases cited by appellant focus on the decreased culpability of juveniles and the cognitively impaired in the context of the Eighth Amendment's proscription against cruel and unusual punishment. Although the United States Supreme Court has compared the significance of the certification decision with the sentencing hearing, *Kent*, 383 U.S. at 557, certification is not a punishment, *People v. Salas*, 961 N.E.2d 831, 846 (Ill. App. Ct. 2011) (rejecting claim that mandatory certification of certain juvenile offenders constituted cruel and unusual punishment because certification does not impose a punishment); *cf. State v. Rice*, 737 S.E.2d 485, 487 (S.C. 2013) (rejecting claim that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to transfer proceedings because those proceedings do not determine punishment, and collecting cases). *But see*

---

[2]Appellant suggests that this court should reconsider the juvenile certification matrix we enunciated in *In re Seven Minors*, 99 Nev. 427, 434-35, 664 P.2d 947, 952 (1983). Given our disposition, we decline to do so at this time.

*William M.*, 124 Nev. at 1161, 196 P.3d at 463 (noting that the California Supreme Court recognized certification "as the worst punishment the juvenile system is empowered to inflict" (internal quotation marks omitted)). Thus, appellant fails to demonstrate that the statute violates the Eighth Amendment. *See, e.g., People ex rel. Birkett v. Konetski*, 909 N.E.2d 783, 799 (Ill. 2009) (rejecting cruel and unusual punishment claim where statutory scheme did not impose a punishment). Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. William O. Voy, District Judge, Family Court Division
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney/Juvenile Division
     Eighth District Court Clerk