133 Nev., Advance Opinion 23

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF D.T., A MINOR. | No. 62009 |

D.R.T.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.



FILED

MAY 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a juvenile court order certifying appellant to stand trial as an adult on charges of sexual assault, battery with intent to commit a crime (sexual assault), burglary, second-degree kidnapping, and battery constituting domestic violence. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

*Affirmed.*

Philip J. Kohn, Public Defender, and Kerri J. Maxey, Deputy Public Defender, Clark County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens and Jonathan VanBoskerck, Chief Deputy District Attorneys, and Cynthia L. Herren, Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE COURT EN BANC.

17-17509

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we consider whether a juvenile court order certifying appellant to stand trial as an adult violated his right to procedural due process and whether the certification of cognitively impaired juveniles is unconstitutional under the Eighth Amendment. We reject both claims and affirm.

*FACTS AND PROCEDURAL HISTORY*

Appellant D.T.'s minor girlfriend, S.B., broke up with him through a text message. Later, while at the park in her apartment complex, D.T. approached S.B., bit her on the hand and chin, and then grabbed her by the arm and pulled her toward her apartment building. The two then went to S.B.'s apartment to retrieve D.T.'s property, but S.B. did not return D.T.'s cell phone to him.

Twenty-two days later, D.T. returned to S.B.'s apartment to retrieve his cell phone. D.T. entered the second-story apartment through an open window. Upon finding S.B. sleeping in the room with her two brothers, D.T. woke her up, asked for his phone, and after discussing the missing phone, laid down next to her. He then removed her shorts and had sex with her against her will. D.T. was taken into custody, and after being advised of his rights, agreed to talk to detectives. Based on the interview with detectives, D.T. was transferred to Las Vegas Juvenile Hall and booked accordingly.

The State filed a certification petition against D.T. on five counts: sexual assault, battery with intent to commit a crime, burglary, kidnapping, and battery constituting domestic violence. D.T.'s counsel argued that D.T. suffered cognitive impairment and requested a court-

ordered competency evaluation. After D.T. was found competent, counsel requested a continuance to seek a second opinion. D.T. was again found competent.

Following argument from the parties, the juvenile court certified D.T. to adult status, noting that discretionary certification was warranted because the subjective factors in *Seven Minors* did not outweigh the nature and seriousness of the offenses or D.T.'s prior adjudicated offenses. The court further found that public safety was best served by transferring D.T. to the adult system. This appeal followed.

## DISCUSSION

Appellant first contends that the juvenile court's ruling and written order are not sufficiently specific to satisfy procedural due process. Relying on *Kent v. United States*, 383 U.S. 541 (1966), appellant asserts that the juvenile court's order does not demonstrate that a full investigation was performed prior to the certification hearing. He also contends that because the juvenile court merely listed the subjective factors without explaining how each factor impacted public safety, the record is insufficient to demonstrate that the juvenile court meaningfully reviewed his case or provided a basis for appellate review. *See id.* at 561 (requiring juvenile court, when making a decision to transfer a child to adult status, to make a statement of reasons for the transfer).

Although we acknowledge that the juvenile court's oral ruling and written order lack detail, we conclude they meet the minimum requirements of due process. It is clear from the record that the juvenile court conducted a full investigation into appellant's background before the certification hearing. The record indicates that the court considered the information obtained as a result of that investigation, as well as information from appellant's psychological evaluation and defense

counsel's opposition to the certification petition, when rendering its decision. *See Lewis v. State*, 86 Nev. 889, 894, 478 P.2d 168, 171 (1970) (looking to court's oral decision to determine compliance with *Kent*). Further, there is no requirement that the juvenile court explain how each subjective factor impacts public safety. *But cf. In re Glenda Kay S.*, 103 Nev. 53, 59, 732 P.2d 1356, 1360 (1987) (requiring the juvenile court to state the reasons for selecting a disposition of commitment in delinquency proceedings and why that disposition serves the interests of the child and/or the State). To the extent appellant requests that we impose such a requirement in certification proceedings, we decline to do so at this time.

Relatedly, appellant asserts that the juvenile court's order is not sufficiently specific to allow for meaningful review because it is unclear whether the court concluded that certification was warranted based on the nature and seriousness of the offenses, or appellant's history of prior adjudications alone, or, alternatively, whether the court considered personal, subjective factors impacting the juvenile. *See In re William S.*, 122 Nev. 432, 440-41, 132 P.3d 1015, 1021 (2006) (certification may be based on either the seriousness of the offenses or a juvenile's past adjudications alone; alternatively, in close cases, the court may consider a juvenile's personal, subjective factors, in conjunction with the other factors).

He also asserts that because a certification hearing is akin to a sentencing hearing and juveniles are entitled to individualized sentencing determinations, the juvenile court's failure to consider his subjective factors violated his due process right to an individualized certification determination. *See Miller v. Alabama*, 567 U.S. 460, 479 (2012) (mandatory sentences of life without the possibility of parole for juvenile

offenders convicted of homicide violates the Eighth Amendment). We disagree. The juvenile court's written order indicates that the court considered all three factors, including appellant's subjective factors. And the fact that the court considered the subjective factors indicates that it did not base its certification decision on either of the first two factors alone. *See In re Eric A.L.*, 123 Nev. 26, 33, 153 P.3d 32, 36 (2007) (the juvenile court may consider the subjective factors in close cases where neither of the first two factors compels certification). Thus, appellant fails to demonstrate error.

Next, appellant contends that the juvenile court abused its discretion by certifying him for adult criminal proceedings. We disagree. The juvenile court determined that appellant was charged with committing serious crimes and noted his history of prior adjudications. The court also considered appellant's subjective factors, including his cognitive impairments. The court then "reluctantly" concluded that public safety warranted certification. As noted above, the record indicates that the juvenile court adequately considered the relevant factors, and we cannot conclude that its decision to grant the State's certification petition was an abuse of discretion.[1] *See id.* at 33, 153 P.3d at 36-37 (stating that the juvenile court's decision to certify is reviewed for an abuse of discretion and defining "abuse of discretion").

---

[1]Appellant suggests that this court should reconsider the juvenile certification matrix we enunciated in *In re Seven Minors*, 99 Nev. 427, 434-35, 664 P.2d 947, 952 (1983), *disapproved of on other grounds by In re William S.*, 122 Nev. 432, 132 P.3d 1015 (2006) (*see* discussion *supra* at 4). Given our disposition, we decline to do so at this time.

SUPREME COURT
OF
NEVADA

(O) 1947A

Finally, relying on *Graham v. Florida*, 560 U.S. 48, (2010), *Roper v. Simmons*, 543 U.S. 551 (2005), and *Atkins v. Virginia*, 536 U.S. 304 (2002), appellant appears to contend that certification of cognitively impaired juveniles for adult proceedings is unconstitutional. When considering the constitutionality of a statute, de novo review applies. *In re William M.*, 124 Nev. 1150, 1157, 196 P.3d 456, 460 (2008). A statute is presumed valid, and it is the challenger's burden to demonstrate that it is unconstitutional. *Id.*

The cases cited by appellant focus on the decreased culpability of juveniles and the cognitively impaired in the context of the Eighth Amendment's proscription against cruel and unusual punishment. Although the United States Supreme Court has compared the significance of the certification decision with the sentencing hearing, *Kent*, 383 U.S. at 557, certification is not a punishment, *People v. Salas*, 961 N.E.2d 831, 846 (Ill. App. Ct. 2011) (rejecting claim that mandatory certification of certain juvenile offenders constituted cruel and unusual punishment because certification does not impose a punishment); *cf. State v. Rice*, 737 S.E.2d 485, 487 (S.C. 2013) (rejecting claim that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to transfer proceedings because those proceedings do not determine punishment, and collecting cases). *But see William M.*, 124 Nev. at 1161, 196 P.3d at 463 (noting that the California Supreme Court recognized certification "as the worst punishment the juvenile system is empowered to inflict" (internal quotation marks omitted)). Thus, appellant fails to demonstrate that the statute violates the Eighth Amendment. *See, e.g., People ex rel. Birkett v. Konetski*, 909

SUPREME COURT
OF
NEVADA

(O) 1947A

6

N.E.2d 783, 799 (Ill. 2009) (rejecting cruel and unusual punishment claim where statutory scheme did not impose a punishment).

Accordingly, we affirm the judgment of the juvenile court.

_____, J.
Hardesty

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich